UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br>   v.<br><br>JOYOUS, PBC,<br><br>              Defendant. | Case No. 3:24-cv-02357-JD<br><br>**ORDER RE PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

      The Court grants preliminary approval of the classwide settlement agreed to by the parties. This order is based on a proposed order lodged by the parties and modified pursuant to the Court's practices and conclusions in this case. It should be read in its entirety for modifications to procedures and deadlines.

      1.     For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement.

      2.     The Court provisionally certifies, for settlement purposes only, a "Settlement Class," pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), consisting of:

> All persons in the United States starting on October 5, 2023 through January 2, 2025 who reported to Defendant Joyous PBC that they: (1) located Defendant Joyous PBC by a method other than a web advertisement; and (2) booked an appointment to use the services provided by Defendant Joyous PBC, completed a screening questionnaire related to the booking process and subsequently received one or more web-directed advertisements relating to ketamine treatments. Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.

3. The Settlement Class meets the requirements for class certification under Fed. R. Civ. P. 23(a) and 23(b)(3) in that: (1) the Settlement Class members are sufficiently numerous such that joinder is impracticable; (2) there are common questions of law and fact; (3) Plaintiff's claims are typical of those of the Settlement Class members; (4) Plaintiff and Class Counsel have adequately represented the interests of the Settlement Class members; and (5) for purposes of settlement, the Settlement Class meets the predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3).

4. Certification of the Settlement Class is solely for settlement purposes and without prejudice to the Parties. In the event the Settlement Agreement is not finally approved by this Court or otherwise does not take effect, the Parties preserve all rights and defenses regarding class certification.

5. The Court appoints Plaintiff Jane Doe to represent the Settlement Class.

6. The Court appoints Philip L. Fraietta of Bursor & Fisher, P.A., and Scott R. Drury of Drury Legal, LLC, as Class Counsel for the Settlement Class.

7. The Court approves the Notice substantially in the forms within Exhibit A-D to the Settlement Agreement. The Notice adequately apprises the Settlement Class of the pendency of this litigation; the effects of the proposed Settlement on their rights (including the Released Claims therein); Class Counsel's upcoming Motion for Attorneys' Fees, Costs, and Service Awards; of their right to submit a Claim Form; of their right to opt-out of the Settlement; and of their right to object to any aspect of the proposed Settlement. The date and time of the Final Approval Hearing will be included in the Notice and on the Settlement Website.

8. The Parties, without further approval from the Court, may revise the forms of Notices in ways that are appropriate to update those documents for purposes of accuracy or formatting, so long as they are consistent in all material respects with the Settlement and this Order.

9. The Court also finds that the Notice Program, which includes dissemination of Website Notice, Email Notice, and Postcard Notice is the best notice practicable under the circumstances and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure,

due process, and all other applicable law and rules. It will inform the Settlement Class of the general terms of the Settlement, including a description of the Action, information regarding the identity of the Settlement Class, and what claims will be released. It includes, among other information: a description of the material terms of the Settlement; a date by which Settlement Class members may opt-out of the Settlement Class; a date by which Settlement Class members may object to the Settlement and/or to Class Counsel's Motion for Attorneys' Fees, Costs, and Service Awards; the date the Final Approval Hearing is scheduled to occur; and the Settlement Website address at which Settlement Class members may access this Agreement and other related documents and information. Additionally, opt-out procedures will be explained, as well as how Settlement Class Members may exercise their right to object to the proposed Settlement at the Final Approval Hearing.

      10.      The Court appoints Simpluris, Inc. to serve as the Settlement Administrator. The Settlement Administrator shall: (i) provide CAFA Notice; (ii) complete the Court-approved Notice Program by noticing the Settlement Class by Publication Notice, sending out Long Form Notices, Email Notices, and Postcard Notices, and sending Cash Payments to Settlement Class Members; (iii) establish and maintain the Settlement Fund escrow bank account approved by the Parties; (iv) establish and maintain a post office box for opt-out requests from the Settlement Class and to receive Claim Forms; (v) establish and maintain the Settlement Website; (vi) establish and maintain an automated toll-free telephone line for Settlement Class members to call with Settlement-related inquiries, and answer the frequently asked questions of Settlement Class members who call with or otherwise communicate such inquiries; (vii) respond to any mailed Settlement Class members inquiries; (viii) process all opt-out requests from the Settlement Class; (ix) provide weekly reports to Class Counsel and Defendant's Counsel that summarize the opt-out requests received that week, the total number of opt-out requests received to date, and other pertinent information; (x) in advance of the Final Approval Hearing, prepare a declaration to submit to the Court confirming that the Notice Program was completed in accordance with the terms of this Agreement and the Preliminary Approval Order, describing how the Notice Program was completed , providing the names of each Settlement Class members who timely and properly

requested to opt-out from the Settlement Class, and other information as may be necessary to allow the Parties to seek and obtain Final Approval; (xi) distribute, out of the Settlement Fund, Cash Payments to Settlement Class Members; (xii) pay Court-approved attorneys' fees and costs, and Service Awards out of the Settlement Fund; (xiii) pay Settlement Administration Costs out of the Settlement Fund following approval by Class Counsel; and (xiv) any other Settlement Administration function at the instruction of Class Counsel and Defendant's Counsel, including, but not limited to, verifying that the Settlement Fund has been properly administered and that the Cash Payments have been properly distributed.

11. The Settlement Administrator will provide Notice of the Settlement and Final Approval Hearing to the Settlement Class as follows:

    a. On or before August 25, 2025, the Settlement Administrator will implement the Notice Program, including Publication Notice.

    b. The Settlement Administrator will establish the Settlement Website no later than August 25, 2025, and the Settlement Website will have Claim Form submission capability, contain the Agreement and other related documents and information, provide answers to a set of frequently asked questions and information on how to object or request exclusion (and the ability to opt out online), and contain any other information regarding the Court approval process as agreed to by the Parties.

    c. On or before August 25, 2025, the Settlement Administrator will establish an automated toll-free telephone line for Settlement Class members to call with Settlement-related inquiries, and answer the frequently asked questions of Settlement Class members who call with or otherwise communicate such inquiries.

12. The Court will hold a final approval hearing on December 18, 2025 at 10:00 a.m. in the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 11, 19 Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. The purposes of the final approval hearing will be: (i) to determine whether the Settlement should be

approved as fair, reasonable, and adequate and in the best interests of the Settlement Class; (ii) to rule upon Class Counsel's Motion for an Award of Attorneys' Fees, Costs and Service Awards; and (iii) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

13. The Court may adjourn the Final Approval Hearing without further notice to the Settlement Class, and may approve the proposed Settlement without further notice to the Settlement Class.

14. Class Counsel's Motion for an Award of Attorneys' Fees, Costs, and Service Awards will be decided in an order separate from the order that addresses the fairness, reasonableness, and adequacy of the Settlement.

15. If the Settlement is approved, Settlement Class Members (i.e., those who have not opted-out of the Settlement) will be bound by the Releases provided for in the Agreement, and by any judgment or determination of the Court affecting Settlement Class Members. All Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

16. Any Settlement Class Members who intends to object to the Settlement must mail the objection to the Clerk of the Court, Settlement Class Counsel, Defendant's Counsel, and the Settlement Administrator. The objection will include a caption or title that identifies it as "Objection to Class Settlement in *Doe v. Joyous, PBC*, Case No. 3:24-cv-02357-JD" and set forth: (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member, (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).

17. To be timely, the objection must be submitted no later than 30 days before the Final Approval Hearing.

18. Any Settlement Class Member who fails to timely file with the Court a written objection shall waive and forfeit any and all rights they may have to object, appear, present witness testimony, and/or submit evidence; shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing; shall be precluded from seeking review of the Agreement by appeal or other means; and shall be bound by all the terms of the Agreement and by all proceedings, orders, and judgments in the Action.

19. Members of the Settlement Class who chose to opt-out must mail a request to the Settlement Administrator indicating their intent to opt-out of the Settlement. The notice of opt-out must be received and/or postmarked no later than 30 days before the Final Approval Hearing. The deadline will be set forth in the Notice and on the Settlement Website. The opt-out request must state the Settlement Class member's (1) name and address; (2) a signature; (3) the name and number of this case; (4) and a statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement.

20. Any members of the Settlement Class who do not submit a request to opt-out in accordance with the deadlines and other requirements will be bound by the Settlement absent a court order to the contrary.

21. Any member of the Settlement Class who submits a timely, valid opt-out request shall not receive any benefits of the Settlement, shall not be bound by the terms of the Settlement, and shall have no standing to object to the Settlement or intervene in the Action.

22. If the Settlement fails to become effective in accordance with its terms, or if the judgment of Final Approval Order are not entered or are reversed, vacated, or materially modified on appeal (and, in the event of material modification, if either Party elects to terminate the Settlement), this Preliminary Approval Order shall be null and void, the Agreement shall be deemed terminated (except for any paragraphs that, pursuant to the terms of the Agreement, survive termination), and the Parties shall return to their positions without prejudice in any way, as provided for in the Agreement.

23. Defendant's consent to the amendment for purposes of settlement approval does not waive any defense or motion by Defendant.

24. As set forth in the Agreement, the fact and terms of this Preliminary Approval Order and the Settlement, all negotiations, discussions, drafts, and proceedings in connection with this order and the Settlement, and any act performed or document signed in connection with this order and the Settlement, may not, in this or any other court, administrative agency, arbitration forum or other tribunal, constitute an admission, or evidence, or be deemed to create any inference against either Party of liability, wrongdoing, or damages, of any sort.

25. The fact and terms of this Preliminary Approval Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this order and the Settlement, including but not limited to, the judgment and the release of the Released Claims provided for in the Agreement and the judgment, may not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this order and/or the Settlement.

26. The Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement. The Court stays this Action pending Final Approval of the Settlement, except such proceedings as may be necessary to carry out the terms and conditions of the Agreement and obtain Final Approval.

27. Pending Final Approval of the Settlement, Plaintiff, all Settlement Class Members, and Releasing Parties (and any persons purporting to act on their behalf) are barred and enjoined from filing, commencing, prosecuting, maintaining, or enforcing any Released Claims against the Released Parties, directly or indirectly (including in any action purportedly brought on behalf of the general public of the United States or of a particular state, district, or territory therein), in any judicial, administrative, arbitral, or other forum. This bar and injunction are necessary to protect and effectuate the Agreement and this Preliminary Approval Order, and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction.

28. As stated in this Preliminary Approval Order, and consistent with the Agreement, the following dates and deadlines will apply to the approval of this Settlement:

| **EVENT** | **TIMING** |
| --- | --- |
| Deadline to implement Notice Program | No later than August 25, 2025 |
| Deadline to complete Notice Program | September 29, 2025 |
| Deadline for filing Motion for Final Approval, including Class Counsel's Motion for Attorneys' Fees, Costs, and Service Awards | September 29, 2025 |
| Opt-out Period Ends | November 24, 2025 |
| Objection Period Ends | November 24, 2025 |
| Final Approval Hearing | December 18, 2025 at 10:00 a.m., or such later date available on the Court's calendar |
| Claim Form Deadline | November 30, 2025 |

29. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class members, though such extensions shall be posted to the Settlement Website.

**IT IS SO ORDERED.**

Date: August 15, 2025

_____
James Donato
United States District Judge