**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com
      jwilner@bursor.com

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (State Bar No. 354768)
50 Main Street, Suite 475
White Plains, NY 10606
Telephone: 914-874-0710
Facsimile: 914-206-3656
pfraietta@bursor.com

**DRURY LEGAL, LLC**
Scott R. Drury (State Bar No. 355002)
6 Carriage Lane
Highwood, Illinois 60040
Telephone: (312) 358-8225
scott@drurylegal.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>   v.<br><br>JOYOUS, PBC,<br><br>         Defendant. | Case No. 3:24-cv-02357-JD<br><br>**PLAINTIFF'S NOTICE OF MOTION AND UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; SUPPORTING MEMORANDUM OF LAW**<br><br>Date: December 18, 2025<br>Time: 10:00 a.m.<br>Judge: Hon. James Donato |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN THAT** on December 18, 2025, at 10:00 a.m. in Courtroom 11 on the 19th Floor of the San Francisco United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, the Honorable James Donato presiding, Plaintiff Jane Doe, ("Plaintiff"), by and through her undersigned counsel of record, will and hereby does move, pursuant to Fed. R. Civ. P. 23(e), for an order: (1) granting final approval of the proposed Class Action Settlement Agreement and Release (the "Settlement Agreement") submitted herewith; (2) certifying the Settlement Class for the purposes of settlement; (3) finding the class notice as implemented satisfies Rule 23 and due process; (5) finally appointing Plaintiff as Class Representative; (6) finally appointing Plaintiff's Counsel as Class Counsel; and (6) finally appointing Simpluris as the Settlement Administrator.

This Motion is made on the grounds that terms of the proposed Settlement Agreement are fair, reasonable, and adequate, and that preliminary approval of the Settlement is therefore proper because each requirement of Rule 23(e) has been met. Accordingly, Plaintiff requests that the Court enter the accompanying [Proposed] Order granting final approval of the Proposed Class Action Settlement.

The Motion is based on the Declaration of Philip L. Fraietta (the "Fraietta Decl.") and the exhibits attached thereto, including the Settlement Agreement; the [Proposed] Final Approval Order submitted herewith; the Memorandum of Law filed herewith; the pleadings and papers on file in this Litigation; and such other evidence and argument as may subsequently be presented to the Court.

Dated: September 29, 2025

**BURSOR & FISHER, P.A**.

By:   */s/ Philip L. Fraietta*
     Philip L. Fraietta

Philip L. Fraietta (State Bar No. 354768)
50 Main Street, Suite 475
White Plains, NY 10606
Telephone: 914-874-0710
Facsimile :914-206-3656
E-mail: pfraietta@bursor.com

L. Timothy Fisher (State Bar No. 191626)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
          jwilner@bursor.com

**DRURY LEGAL, LLC**
Scott R. Drury (State Bar No. 355002)
6 Carriage Lane
Highwood, Illinois 60040
Telephone: (312) 358-8225
scott@drurylegal.com

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

PAGE(S)

I.    INTRODUCTION ..................................................................................................1

II.   PROCEDURAL BACKGROUND.........................................................................1

III.  CLASS CERTIFICATION FOR SETTLEMENT PURPOSES IS APPROPRIATE ........1

IV.  THE NOTICE PLAN COMPORTS WITH DUE PROCESS AND RULE 23 .................3

V.   THE PROPOSED SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE, AND SHOULD BE APPROVED BY THE COURT..........................................................6

    1.    Procedural Fairness: The Negotiation Process .......................................8

    2.    Substantive Fairness: The *Hanlon* Factors .............................................9

        i.    The Strength of Plaintiff's Case.............................................9

        ii.   The Risk of Continuing Litigation........................................10

        iii.  The Risk of Maintaining Class Action Status.........................12

        iv.  The Settlement Provides Excellent Relief to the Class............................12

        v.   The Extent of Discovery .........................................................13

        vi.  The Views of Experienced Counsel Support Granting Final Settlement Approval .............................................................14

        vii. The Response of Class Members Has Been Overwhelmingly Positive.....................................................................................14

    3.    The Rule 23(e)(2) Factors.......................................................................15

        i.    The Class Is Adequately Represented......................................15

        ii.   The Settlement Was Negotiated at Arm's Length .....................15

        iii.  The Settlement Provides Adequate Relief to the Settlement Class ...........16

        iv.  The Settlement Treats All Settlement Class Members Equally.................18

CONCLUSION...........................................................................................................19

## TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Allen v. Bedolla*,
   787 F.3d 1218 (9th Cir. 2015) ................................................. 6

*Alvarez v. Sirius XM Radio Inc.*,
   2020 WL 7314793 (C.D. Cal. July 15, 2020) ............................ 16, 17

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997) .............................................................. 2

*Arreola v. Shamrock Foods Co.*,
   2021 WL 4220630 (C.D. Cal. Sept. 16, 2021) ......................... 8, 15

*Bellinghausen v. Tractor Supply Co.*,
   306 F.R.D. 245 (N.D. Cal. 2015) .......................... 3, 6, 8, 10

*Blackie v. Barrack*,
   524 F.2d 891 (9th Cir. 1975) ............................................. 2

*Boyd v. Bechtel Corp.*,
   485 F. Supp. 610 (N.D. Cal. 1979) ................................... 6

*Carlotti v. ASUS Computer Int'l*,
   2019 WL 6134910 (N.D. Cal. Nov. 19, 2019) ..................... 6, 7

*Carter v. XPO Logistics, Inc.*,
   2019 WL 5295125 (N.D. Cal. Oct. 18, 2019) ..................... 8, 13

*Chambers v. Whirlpool Corp.*,
   214 F. Supp. 3d 877 (C.D. Cal. 2016) .............................. 3

*Churchill Vill., LLC v. Gen. Elec.*,
   361 F.3d 566 (9th Cir. 2004) ........................................ 4, 8

*City P'ship Co. v. Atl. Acquisition Ltd. P'ship*,
   100 F.3d 1041 (1st Cir. 1996) ....................................... 9

*Class Plaintiffs v. City of Seattle*,
   955 F.2d 1268 (9th Cir. 1992) ....................................... 6

*Eisen v. Carlisle & Jacquelin*,
   417 U.S. 156 (1974) .................................................... 3

*Ferrell v. Buckingham Prop. Mgmt.*,
   2021 WL 488314 (E.D. Cal. Feb. 10, 2021) ..................... 6, 7

*Garner v. State Farm. Mut. Auto. Ins. Co.*,
  2010 WL 1687832 (N.D. Cal. Apr. 22, 2010) ........................................................... 9

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ................................................................ passim

*In re Apple Computer Sec. Litig.*,
  1991 WL 238298 (N.D. Cal. Sept. 6, 1991) ........................................................ 11

*In re Bluetooth Headset Prods. Liab. Litig.*,
  654 F.3d 935 (9th Cir. 2011) ................................................................... 8

*In re Extreme Networks, Inc. Sec. Litig.*,
  2019 WL 3290770 (N.D. Cal. July 22, 2019)........................................................ 18

*In re Google Location History Litig.*,
  2024 WL 1975462 (N.D. Cal. May 3, 2024) ......................................................... 14

*In re Hewlett-Packard Co. S'holder Derivative Litig.*,
  2014 WL 7240144 (N.D. Cal. Dec. 19, 2014) ........................................................ 6

*In re Mego Fin. Corp. Sec. Litig.*,
  213 F.3d 454 (9th Cir. 2000) ............................................................... 13, 17

*In re Netflix Privacy Litig.*,
  2013 WL 1120801 (N.D. Cal. Mar. 18, 2013)..................................................... 3, 12

*In re Omnivision Techs., Inc.*,
  559 F. Supp. 2d 1036 (N.D. Cal. 2008) ........................................................... 14

*In re Pac. Enters. Sec. Litig.*,
  47 F.3d 373 (9th Cir. 1995) .............................................................. 7, 18

*In re Syncor ERISA Litig.*,
  516 F.3d 1095 (9th Cir. 2008) ................................................................... 6

*Johnson v. Triple Leaf Tea Inc.*,
  2015 WL 8943150 (N.D. Cal. Nov. 16, 2015) ...................................................... 12

*Knapp v. Art.com, Inc.*,
  283 F. Supp. 3d 823 (N.D. Cal. 2017) ................................................... 1, 7, 12, 14

*Lane v. Facebook, Inc.*,
  696 F.3d 811 (9th Cir. 2012) ................................................................... 19

*Larsen v. Trader Joe's Co.*,
  2014 WL 3404531 (N.D. Cal. July 11, 2014)....................................... 10, 11, 12, 14

*Linney v. Cellular Alaska P'ship*,
  151 F.3d 1234 (9th Cir. 1998) ................................................................. 13

*Linney v. Cellular Alaska P'ship*,
    1997 WL 450064 (N.D. Cal. July 18, 1997)...........................................................17

*Miguel-Sanchez v. Mesa Packing, LLC*,
    2021 WL 4893394 (N.D. Cal. Oct. 20, 2021)........................................................10

*Miramontes v. U.S. Healthworks, Inc.*,
    2017 WL 11633665 (C.D. Cal. Sept. 5, 2017) .....................................................14

*Mullane v. Central Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950).................................................................................................4

*Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) ...................................................................passim

*Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*,
    688 F.2d 615 (9th Cir. 1982) ...................................................................4, 7, 9, 12

*Pena v. Taylor Farms Pac., Inc.*,
    2021 WL 916257 (E.D. Cal. Mar. 10, 2021) ........................................................8

*Perks v. Activehours, Inc.*,
    2021 WL 1146038 (N.D. Cal. Mar. 25, 2021).................................................16, 18

*Rodriguez v. W. Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ..........................................................................passim

*Ross v. Trex Co., Inc.*,
    2013 WL 6622919 (N.D. Cal. Dec. 16, 2013) ......................................................8

*Spann v. J.C. Penney Corp.*,
    314 F.R.D. 312 (C.D. Cal. 2016) ......................................................................4, 5

*State of California v. eBay, Inc.*,
    2014 WL 4273888 (N.D. Cal. Aug. 29, 2014) ....................................................18

*Torchia v. W.W. Grainger, Inc.*,
    304 F.R.D. 256 (E.D. Cal. 2014) ........................................................................15

*Villegas v. J.P. Morgan Chase & Co.*,
    2012 WL 5878390 (N.D. Cal. Nov. 21, 2012) ....................................................16

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) ......................................................................17, 18

*Wellens v. Sankyo*,
    2016 WL 8115715 (N.D. Cal. Feb. 11, 2016) .....................................................18

*Young v. Polo Retail, LLC*,
    2007 WL 951821 (N.D. Cal. Mar. 28, 2007).........................................................8

**RULES**

Fed. R. Civ. P.  23 ........................................................................................... passim

Fed. R. Civ. P. 23(a) .......................................................................................... 1, 2, 3

Fed. R. Civ. P. 23(b) ........................................................................................... 2, 3

Fed. R. Civ. P. 23(c) ........................................................................................... 3, 4

Fed. R. Civ. P. 23(e) ........................................................................................... passim

**OTHER AUTHORITIES**

Alba Conte & Herbert B. Newberg, *Newberg on Class Actions*, § 11 (4th ed. 2002)................ 4, 6

Federal Judicial Center, Manual for Complex Litigation § 21.62, at 316 (4th ed. 2004)............. 10

# MEMORANDUM OF LAW

## I.    INTRODUCTION

On August 15, 2025, this Court preliminarily approved the Class Action Settlement between Plaintiff Jane Doe ("Plaintiff") and Defendant Joyous, PBC ("Defendant" or "Joyous") and directed that notice shall be sent to the Settlement Class.  *See* Order Granting Preliminary Approval of Class Action Settlement, ECF No. 35.  The settlement administrator, Simpluris, has implemented the Court-approved notice plan, and notice has reached more than 97% of the certified Settlement Class.  The reaction from the Class has been overwhelmingly positive. Specifically, of the approximately 7,721 Settlement Class Members, there were only 2 requests for exclusion, and **no** objections.  The lack of any objection demonstrates that the Settlement has the support and approval of the Class.[1]

## II.    PROCEDURAL BACKGROUND

Plaintiff Jane Doe filed this action on April 19, 2024. ECF No. 1. On August 8, 2024, the Court referred the case to private mediation. ECF No. 23.  On October 21, 2024, the Parties participated in a mediation with former California Superior Court Judge Bonnie Sabraw, who is a neutral mediator affiliated with ADR Services, Inc. The Parties did not reach a settlement on that date, but continued to negotiate over the following months, and ultimately finalized the Settlement Agreement. The Parties finally executed the Settlement Agreement on April 28, 2025.  On August 15, 2025, this Court granted preliminary approval of the settlement. ECF No. 35.

## III.    CLASS CERTIFICATION FOR SETTLEMENT PURPOSES IS APPROPRIATE

The Ninth Circuit has recognized that certifying a settlement class to resolve consumer lawsuits is a common occurrence.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).  When presented with a proposed settlement, a court must first determine whether the proposed settlement class satisfies the requirements for class certification under Federal Rule of Civil Procedure 23.  Under Rule 23, a class action may be maintained if all of the prongs of Rule

---

[1] *See, e.g.*, *Knapp v. Art.com, Inc.*, 283 F. Supp. 3d 823, 833-34 (N.D. Cal. 2017); *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009); *Arreola v. Shamrock Foods Co.*, 021 WL 4220630, at *5 (C.D. Cal. Sept. 16, 2021).

23(a) are met, as well as one of the prongs of Rule 23(b). *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Rule 23(a) requires that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Rule 23(b)(3) requires the Court to find that:

> [Q]uestions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficient adjudication of the controversy.

Fed. R. Civ. P. 23(b)(3). The Ninth Circuit "has directed that [Rule 23] be liberally construed to effectuate its remedial purposes," and courts are to adopt a standard of flexibility in evaluating class certification. *Blackie v. Barrack*, 524 F.2d 891, 906 n.22 (9th Cir. 1975); *see also id*. at 904 n.19 ("[Avoidance of duplicative proceedings] is a major purpose of a class action; the 'common question' requirement should be interpreted to obtain that objective. … The common question requirement should not be restrictively interpreted … as to do so would eliminate the class action deterrent for those who engage in [unlawful schemes]."). Additionally, in assessing whether the class certification requirements of Rule 23 have been satisfied, a court may properly consider that there will be no trial. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems … for the proposal is that there be no trial.").

      Here, the Court's Preliminary Approval Order provisionally certified a Class for settlement purposes of defined as: "All persons in the United States starting on October 5, 2023 through January 2, 2025 who reported to Defendant Joyous PBC that they: (1) located Defendant Joyous PBC by a method other than a web advertisement; and (2) booked an appointment to use the services provided by Defendant Joyous PBC, completed a screening questionnaire related to the booking process and subsequently received one or more web-directed advertisements relating to ketamine treatments." (the "Settlement Class"). ECF No. 35 ¶ 2. The Court found that "the Settlement Class, as defined above, meets the requirements for class certification under Fed. R.

1   Civ. P. 23(a) and 23(b)(3)." *Id*. at ¶ 3.

2        Notably, no substantive changes have occurred since the above-described finding, and,

3   more importantly, no objections have challenged that conclusion.  Thus, the Court may therefore

4   rely on the same rationale as explained in the Preliminary Approval Order to find that class

5   certification is appropriate under Fed. R. Civ. P. 23(a) and (b) in connection with final approval.

6   *See In re Netflix Privacy Litig.*, 2013 WL 1120801, at *3 (N.D. Cal. Mar. 18, 2013) ("Because

7   the Objections do not appear to raise a viable challenge to th[e] conclusion [that certification of a

8   settlement class is appropriate], the Court will rely on the rationale for class certification as

9   explained in the Preliminary Approval Order.").

10       Accordingly, the Court's previous finding should be made final.  *See Chambers v.*

11  *Whirlpool Corp.*, 214 F. Supp. 3d 877, 887 (C.D. Cal. 2016) ("Because circumstances have not

12  changed, and for the reasons set forth in its Order of November 12, 2015, the court hereby

13  affirms its order certifying the class for settlement purposes under Rule 23(e).") (citation

14  omitted); *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 253 (N.D. Cal. 2015) ("In the

15  Court's Order granting preliminary approval of the settlement, the Court found that the putative

16  class satisfied the numerosity, commonality, typicality, and adequacy of representation

17  requirements of Rule 23(a).  The Court is unaware of any changes that would alter its analysis,

18  and the parties did not indicate either in their papers or at the fairness hearing that any such

19  developments had occurred.  Thus, the Court concludes that all four of Rule 23(a)'s requirements

20  have been met.") (citations omitted).

21  **IV.    THE NOTICE PLAN COMPORTS WITH DUE PROCESS AND RULE 23**

22       Before final approval can be granted, due process and Rule 23 require that the notice

23  provided to the Settlement Class is "the best notice that is practicable under the circumstances,

24  including individual notice to all members who can be identified through reasonable effort."

25  Fed. R. Civ. P. 23(c)(2)(B); *see also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974).

26       "Adequate notice is critical to court approval of a class settlement under Rule 23(e)."

27  *Hanlon*, 150 F.3d at 1025.  Such notice to class members must be reasonably calculated under

28  the circumstances to apprise interested parties of the pendency of the settlement proposed and to

1    afford them an opportunity to present their objections.  *See* Fed. R. Civ. P. 23(e)(1) ("The court

2    must direct notice [of a proposed class settlement] in a reasonable manner to all class members

3    who would be bound by the proposal[.]"); *see also Officers for Justice v. Civil Serv. Comm'n of*

4    *City & Cty. of San Francisco*, 688 F.2d 615, 6245 (9th Cir. 1982) (citation omitted) ("The class

5    must be notified of a proposed settlement in a manner that does not systematically leave any

6    group without notice."); *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314

7    (1950).  The notice must clearly state essential information regarding the settlement, including

8    the nature of the action, terms of the settlement, and class members' options.  *See* Fed. R. Civ. P.

9    23(c)(2)(B).

10          A class action settlement notice "is satisfactory if it generally describes the terms of the

11   settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come

12   forward and be heard."  *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004),

13   *cert. denied*, 543 U.S. 818 (2004); *see also Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 962 (9th

14   Cir. 2009) (same).   At its core, all that notice must do is "fairly apprise the prospective members

15   of the class of the terms of the proposed settlement and of the options that are open to them in

16   connection with the proceedings."  *Churchill Vill., LLC*, 361 F.3d at 575  (citation omitted).

17   "The notice should provide sufficient information to allow class members to decide whether they

18   should accept the benefits of the settlement, opt out and pursue their own remedies, or object to

19   its terms."  *Id.*  "[N]otice is adequate if it may be understood by the average class member." 4

20   Newberg on Class Actions § 11:53, at 167 (4th ed. 2002); *see also Rodriguez*, 563 F.3d at 962

21   ("Settlement notices are supposed to present information about a proposed settlement neutrally,

22   simply, and understandably[.]").

23          Ultimately, "[t]he standard for the adequacy of a settlement notice in a class action under

24   either the Due Process Clause or the Federal Rules is measured by reasonableness."  *Spann v.*

25   *J.C. Penney Corp.*, 314 F.R.D. 312, 330 (C.D. Cal. 2016) (citation omitted).  The Federal

26   Judicial Center notes that a notice plan is reasonable if it reaches at least 70% of the class.  *See*

27   Fed. Judicial Ctr., *Judges' Class Action Notice and Claims Process Checklist and Plain*

28   *Language Guide* 3 (2010).  As discussed below, the notice plan implemented in this case easily

meets this standard of reasonableness.  *See* Brunner  Decl. ¶¶ 7-15 (direct notice provided to over 97% of Settlement Class Members").

First, the Court approved the Parties' proposed Notice Plan in its August 15, 2025 Order granting preliminary approval.  *See* ECF No. 50 ¶¶ 7-10.  After an evaluation of the terms of these notices and the plan for their distribution, the Court found that the notice plan met the requirements of Rule 23 and due process. *Id*. Simpluris, then implemented the notice plan precisely as set out in the Settlement Agreement and as ordered by the Court.  *See* Brunner Decl. ¶ 4.

The notice plan has now been fully carried out, and it was a resounding success. Pursuant to the Settlement, Defendant provided Simpluris with a list containing the names, email and/or mailing addresses, and status of a total of 7,721 potential Settlement Class Members.  *See id.* ¶ 6.  Initially, Simpluris sent the notice by email and U.S. mail to all class members identified by Defendant.  Specifically, on September 24, 2025, Simpluris emailed 7,377 notices to Settlement Class Members and it also mailed notices via USPS regular mail to 7,721 Settlement Class Members.  *Id.* ¶¶ 7-13.  Simpluris then performed a "skip trace" to find a more current address for 245 returned notices. *Id*. ¶ 10. As a result, 106 of the returned notices were delivered. *Id*. Simpluris also developed and hosted a dedicated settlement website (www.joyouspbcsettlement.com) that provided detailed information about the settlement, online claim and exclusion forms and online claim submission capabilities, and clearly set forth the deadlines for Class Members to act, and it further set up a toll-free hotline that Class Members could call if they had questions about the settlement. *Id*. ¶¶ 14-15.

As a result of these efforts, Simpluris successfully disseminated the Court-approved notices via email and/or postal mail to 7,582 Settlement Class Members, over 97% of the Settlement Class.  This comprehensive reach easily satisfies the standard of reasonableness against which its adequacy must be measured.  *See Spann*, 314 F.R.D. at 330; Fed. Judicial Ctr., *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* 3 (2010) (noting that a notice plan is reasonable if it reaches at least 70% of the class).  Moreover, out of the 17,721 Settlement Class Members, only 2 Class Members have requested to be excluded

1    from the Class, and **no** Class Members have objected to the Settlement *See* Brunner Decl. ¶ 17.

2    Therefore, the notice plan was a resounding success.

3         Given the broad reach of the notices and the comprehensive information such notices

4    provided to Class Members, the requirements of due process and Rule 23 are easily met. *See,*

5    *e.g.*, *Rodriguez*, 563 F.3d at 962 ("The Notice advises class members that a majority (hence, not

6    all) of the class representatives approve the settlement. It describes the aggregate amount of the

7    settlement fund and the plan for allocation, thereby complying with what we require.").

8    **V.    THE PROPOSED SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE,**
     **AND SHOULD BE APPROVED BY THE COURT**
9

10        Plaintiff respectfully submits approval of the Settlement is appropriate here because it is

11   procedurally and substantively fair, adequate, and reasonable.  See Fed. R. Civ. P. 23(e)(2).

12        Rule 23(e)(2) provides that "the court may approve [a proposed class action settlement]

13   only after a hearing and on finding that it is fair, reasonable, and adequate."  Fed. R. Civ. P.

14   23(e)(2); *see also Carlotti v. ASUS Computer Int'l*, 2019 WL 6134910, at *3 (N.D. Cal. Nov. 19,

15   2019).  To determine whether to approve a settlement, courts examine procedural and

16   substantive fairness in light of the "strong judicial policy" in favor of settlement of class action

17   suits.  *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 617 (N.D. Cal. 1979) ("[T]he court should

18   remain cognizant of the overriding public interest in settling large class actions[.]"); *Ferrell v.*

19   *Buckingham Prop. Mgmt.*, 2021 WL 488314, at *3 (E.D. Cal. Feb. 10, 2021) (slip op.) ("The

20   Ninth Circuit has repeatedly affirmed that a strong judicial policy favors settlement of class

21   actions.") (citing *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015)); *Bellinghausen v.*

22   *Tractor Supply Co.*, 306 F.R.D. 245, 252 (N.D. Cal. 2015) ("Judicial policy strongly favors

23   settlement of class actions.").[2]  This is particularly true in complex litigation where substantial

24   resources can be conserved by avoiding the time, cost, and rigor of prolonged litigation.  *See*

_____

25   [2] *See also In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008); *Class Plaintiffs v.*
     *City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (acknowledging the "strong judicial policy
26   that favors settlements, particularly where complex class action litigation is concerned"); *In re*
     *Hewlett-Packard Co. S'holder Derivative Litig.*, 2014 WL 7240144, at *4 (N.D. Cal. Dec. 19,
27   2014); Alba Conte & Herbert B. Newberg, *Newberg on Class Actions*, § 11.41 (4th ed. 2002)
     ("The compromise of complex litigation is encouraged by the courts and favored by public
28   policy.").

*Ferrell*, 2021 WL 488314, at *3.  Fairness is determined upon review of both the terms of the settlement agreement (substantive fairness) and the negotiating process that led to such agreement (procedural fairness).  *See, e.g.*, *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998).

In terms of procedural fairness, a presumption of fairness, adequacy, and reasonableness attaches to a class action settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.  *See In re Pac.*, 47 F.3d at 378; *Carlotti v. ASUS Computer Int'l*, 2019 WL 6134910, at *6 (N.D. Cal. Nov. 19, 2019) ("Class settlements are presumed fair when they are reached 'following sufficient discovery and genuine arms-length negotiation.'") (citations omitted).  As the Ninth Circuit has recognized, although the Court has discretion regarding the approval of a proposed settlement, it should give "proper deference to the private consensual decision of the parties."  *Hanlon*, 150 F.3d at 1027.  "[T]he court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned."  *Knapp v. Art.com, Inc.*, 283 F. Supp. 3d 823, 830 (N.D. Cal. 2017) (quoting *Officers for Justice*, 688 F.2d at 625); *see also id.* ("[I]t must not be overlooked that voluntary conciliation and settlement are the preferred means of dispute resolution.  This is especially true in complex class action litigation.") (internal quotation marks omitted); accord Fed. R. Civ. P. 23(e)(2) (settlement must be "fair, reasonable, and adequate").

Courts must also consider whether a proposed settlement is substantively fair.  In making this determination, the Ninth Circuit has instructed district courts to balance several factors (the "*Hanlon* factors"):  (1) "the strength of the plaintiff's case;" (2) "the risk, expense, complexity, and likely duration of further litigation;" (3) "the risk of maintaining class action status throughout the trial;" (4) "the amount offered in settlement;" (5) "the extent of discovery completed and the stage of the proceedings;" (6) "the experience and views of counsel;" (7) "the presence of a governmental participant;" and (8) "the reaction of the class members of the

1    proposed settlement." *Hanlon*, 150 F.3d at 1026; *see also Churchill Vill., L.L.C. v. Gen. Elec.*,

2    361 F. 3d 566 (9th Cir. 2004) (same); *Pena v. Taylor Farms Pac., Inc.*, 2021 WL 916257, at *3

3    (E.D. Cal. Mar. 10, 2021) (same); *Carter v. XPO Logistics, Inc.*, 2019 WL 5295125, at *2 (N.D.

4    Cal. Oct. 18, 2019) (same).  "The court need not consider all of these factors, or may consider

5    others." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 254 (N.D. Cal. 2015); *see also In*

6    *re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) ("The factors in a

7    court's fairness assessment will naturally vary from case to case."); *Arreola v. Shamrock Foods*

8    *Co.*, 2021 WL 4220630, at *4 (C.D. Cal. Sept. 16, 2021) ("Each factor does not necessarily

9    apply to every class action settlement, and other factors may be considered.").

10           In addition to these factors, when a settlement agreement is negotiated prior to formal

11   class certification, courts should also consider the four enumerated factors in Federal Rule of

12   Civil Procedure Rule 23(e)(2), which include whether: (1) the class representatives and class

13   counsel have adequately represented the class; (2) the proposal was negotiated at arm's length;

14   (3) the relief provided for the class is adequate, taking into account (i) the costs, risks, and delay

15   of trial and appeal, (ii) the effectiveness of any proposed method of distributing relief to the

16   class, including the method of processing class-member claims, (iii) the terms of any proposed

17   award of attorney's fees, including timing of payment, and (iv) any agreement required to be

18   identified under Rule 23(e)(3); and (4) the proposal treats class members equitably relative to

19   each other.  Fed. R. Civ. P. 23(e)(2).  There is significant overlap between the Rule 23(e)(2) and

20   *Hanlon* factors, which complement, rather than displace each other.

21                    **1.      Procedural Fairness: The Negotiation Process**

22           In this case, there is no question that the Settlement was arrived at through genuine

23   arm's-length bargaining after a developed factual record that allowed the parties to have a "clear

24   view of the strengths and weaknesses of their case[]."  *Young v. Polo Retail, LLC*, 2007 WL

25   951821, at *4 (N.D. Cal. Mar. 28, 2007) (internal quotation marks and citations omitted).

26   Accordingly, it is entitled to a presumption of reasonableness.  *Ross v. Trex Co., Inc.*, 2013 WL

27   6622919, at *3 (N.D. Cal. Dec. 16, 2013) ("[T]here is no fraud or collusion underlying this

28   Settlement, and it was reached after good faith, arms'-length negotiations, warranting a

presumption in favor of approval.") (citation omitted); *City P'ship Co. v. Atl. Acquisition Ltd. P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996) ("When sufficient discovery has been provided and the parties have bargained at arm's-length, there is a presumption in favor of the settlement."); *see also Rodriguez v. West Publ'g Corp.*, 563 F. 3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arm's-length, non-collusive, negotiated resolution[.]").

Here, the Settlement was reached after months of negotiation and a mediation session before a well-respected mediator, Bonnie Sabraw, and the Parties continued negotiations over the next several months following the second mediation. *See* Fraietta Decl. ¶ 4. Moreover, the negotiations leading to the Settlement were conducted by highly qualified counsel who respectively sought to obtain the best possible result for their clients. *See Id*. ¶ 19. In such situations, the Ninth Circuit adopts a presumption of fairness, reasonableness, and adequacy as to the settlement where a class settlement is reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery. *See Garner v. State Farm. Mut. Auto. Ins. Co.*, 2010 WL 1687832, at *9 (N.D. Cal. Apr. 22, 2010) (noting that the court may "presume that through negotiation, the Parties, counsel, and mediator arrived at a reasonable range of settlement by considering Plaintiff's likelihood of recovery") (citation omitted). Such a presumption is consistent with the strong judicial policy in favor of settlements, particularly in the class action context. *Id*.

### 2. Substantive Fairness: The *Hanlon* Factors

#### i. The Strength of Plaintiff's Case

In determining the likelihood of a plaintiff's success on the merits of a class action, "the district court's determination is nothing more than an amalgam of delicate balancing, gross approximations and rough justice." *Officers for Justice*, 688 F.2d at 625 (internal quotation marks omitted). The court may "presume that through negotiation, the Parties, counsel, and mediator arrived at a reasonable range of settlement by considering Plaintiff's likelihood of recovery." *Garner v. State Farm. Mut. Auto. Ins. Co.*, 2010 WL 1687832, at *9 (N.D. Cal. Apr. 22, 2010) (citing *Rodriguez*, 563 F.3d at 965).

Here, Class Counsel became thoroughly familiar with the applicable facts, legal theories,

1   and defenses on both sides before engaging in arm's-length negotiations with Defendant's

2   counsel.  *See* Fraietta Decl. ¶ 5.  Although Plaintiff and Class Counsel had confidence in their

3   claims, they recognize that a favorable outcome was not assured and that they would face risks at

4   class certification, summary judgment, and trial.  *See Id*. ¶¶ 14-18.  Defendant vigorously denies

5   Plaintiff's allegations and asserts that neither Plaintiff nor the Class suffered any harm or

6   damages.  In addition, Defendant would no doubt present a vigorous defense at trial, and there is

7   no assurance that the Class would prevail – or even if they did, that they would be able to obtain

8   an award of damages significantly more than achieved here absent such risks.  In other words,

9   "[a]lthough the class members (or some of them) arguably might have received more if they had

10  proceeded to trial and prevailed on the merits of their case, they also faced a risk that the

11  resulting recovery would be smaller than what is currently expected."  *Miguel-Sanchez v. Mesa*

12  *Packing, LLC*, 2021 WL 4893394, at *6 (N.D. Cal. Oct. 20, 2021).  The Settlement abrogates

13  these risks to Plaintiff and the Class.  *See Rodriguez*, 563 F.3d at 965–66 ("[O]ne factor 'that

14  may bear on review of a settlement'" is "the advantages of the proposed settlement versus the

15  probable outcome of a trial on the merits of liability and damages as to the claims, issues, or

16  defenses of the class and individual class members[.]'") (citing Federal Judicial Center, Manual

17  for Complex Litigation § 21.62, at 316 (4th ed. 2004)).  "Further, the benefit of receiving an

18  award in the immediate future has its own value."  *Miguel-Sanchez*, 2021 WL 4893394, at *6

19  (citing *Bellinghausen*, 306 F.R.D. at 255).  Thus, in the eyes of Class Counsel, the proposed

20  Settlement provides the Class with an outstanding opportunity to obtain significant relief at this

21  stage in the litigation.

### ii.  The Risk of Continuing Litigation

23          Next, approval of the proposed settlement is appropriate given the risks associated with

24  continued litigation.  By reaching a favorable settlement now, Plaintiff seeks to avoid significant

25  expense and delay, and instead ensure recovery for the class.  "Generally, 'unless the settlement

26  is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive

27  litigation with uncertain results.'"  *Larsen v. Trader Joe's Co.*, 2014 WL 3404531, at *4 (N.D.

28  Cal. July 11, 2014) (quoting *Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221

---

F.R.D. 523, 526 (C.D. Cal. 2004)) (internal quotation marks omitted).  "Moreover, settlement is favored where, as here, significant procedural hurdles remain, including class certification and an anticipated appeal."  *Id.* (citing *Rodriguez*, 563 F.3d at 966).

Here, the next steps in the litigation would have been prolonged discovery, including depositions and substantial written discovery, expert discovery, and summary judgment on Plaintiff's claims against Joyous and its defenses, which would be at minimum costly and time-consuming for the Parties and the Court and create risk that a litigation class would not be certified and/or that the Settlement Class would recover nothing at all.  Plaintiff and Class Counsel are also aware that Defendant would oppose class certification vigorously, as Defendant would contend that Plaintiff is not entitled to bring her claims on a class-wide basis.  Even assuming that Plaintiff were to survive summary judgment, she would likely face the risk of establishing liability at trial as a result of conflicting expert testimony between her own expert witnesses and Defendant's expert witnesses.  In this "battle of experts," it is virtually impossible to predict with any certainty which testimony would be credited, and ultimately, which expert version would be accepted by the jury.  The experience of Class Counsel has taught them that these considerations can make the ultimate outcome of a trial highly uncertain.  Additionally, looking beyond trial, Joyous could appeal the merits of any adverse decision.  Even if Plaintiff were to prevail at every stage of this litigation, there remains a substantial likelihood that Class Members would not be awarded significantly more than (or even as much as) is offered to them under this Settlement.  *See, e.g.*, *In re Apple Computer Sec. Litig.*, 1991 WL 238298, at *1 (N.D. Cal. Sept. 6, 1991) (overturning jury verdict for plaintiffs awarding over $100 million in damages, entering judgment in favor of individual defendants, and ordering new trial for corporate defendant).

In sum, "[i]n the absence of settlement now, the parties would incur significant additional costs in discovery, including depositions, … a survey of [defendant's] customers regarding the materiality of the alleged misrepresentations, and expert discovery."  *Larsen*, 2014 WL 3404531, at *4.  The Settlement, on the other hand, permits a prompt resolution of this action on terms that are fair, reasonable and adequate to the Class.  This result will be accomplished years earlier than

1    if the case proceeded to judgment through trial and/or appeals, and provides certainty.

2    "Accordingly, the high risk, expense, and complex nature of the case weigh in favor of

3    approving the settlement." *Id.* (citing *Rodriguez*, 563 F.3d at 964).

4                    iii.    **The Risk of Maintaining Class Action Status**

5                In addition to the risks of continuing the litigation, Plaintiff would also face risks in

6    certifying a class and maintaining class status through trial.  The Court has not yet certified the

7    proposed Class for merits purposes, and the Parties anticipate that such a determination would be

8    reached only after significant discovery is completed, and after exhaustive class certification

9    briefing is filed.  Moreover, even assuming that the Court were to grant a motion for class

10   certification, the class could still be decertified at any time.  *See In re Netflix Privacy Litig.*, 2013

11   WL 1120801, at *6 (N.D. Cal. Mar. 18, 2013) ("The notion that a district court could decertify a

12   class at any time is one that weighs in favor of settlement.") (internal citations omitted).

13               From their prior experience, Class Counsel anticipates that, should the Court certify the

14   class, Defendant may appeal the Court's decision through a Rule 23(f) petition and subsequently

15   move to decertify, forcing additional rounds of briefing.   Risk, expense, and delay permeate

16   such a process.  "[C]onsummating this Settlement promptly in order to provide effective relief to

17   Plaintiff and the Class" eliminates these risks by ensuring Class Members a recovery that is

18   certain and immediate.  *Johnson v. Triple Leaf Tea Inc.*, 2015 WL 8943150, at *4 (N.D. Cal.

19   Nov. 16, 2015).  The Settlement eliminates these risks, expenses, and delay.

20                    iv.    **The Settlement Provides Excellent Relief to
                             the Class**

21

22               The determination of "the fairness, adequacy, and reasonableness of the amount offered

23   in settlement is not a matter of applying a 'particular formula.'"  *Knapp*, 283 F. Supp. 3d at 832

24   (citing *Rodriguez*, 563 F.3d at 965).  Instead, the Court's analysis of whether a settlement

25   amount is reasonable is "an amalgam of delicate balancing, gross approximations, and rough

26   justice."  *Id.*  In assessing the consideration available to Class Members in a proposed

27   Settlement, "[i]t is the complete package taken as a whole, rather than the individual component

28   parts, that must be examined for overall fairness."  *DIRECTV, Inc.*, 221 F.R.D. at 527 (quoting

*Officers for Justice*, 688 F.2d at 628).  Because a settlement provides certain and immediate

recovery, courts often approve settlements even where the benefits obtained as a result of the settlement are less than those originally sought.  "[I]t is well-settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to the class members at trial." *Id.* (citing *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998)).

The Net Settlement Fund will automatically be distributed to Class Members on a *pro rata* basis.  Settlement Agreement § 2.1.b. The amount to be distributed to each Authorized Claimant will be calculated by dividing the Net Settlement Fund by the number of Class Members. *Id.* Any funds remaining after the 180-day deadline for negotiating Claim Payment checks will be redistributed *pro rata* to Authorized Claimants that cashed their initial distribution check or received an electronic payment, so long as the reallocated *pro rata* share to each eligible Authorized Claimant is at least $5.00. *Id.* § 2.1.g. Any funds still remaining after 180 days from distribution will be distributed *cy pres* to the California Access to Justice Commission or another non-sectarian, not-for-profit organization(s) recommended by Class Counsel and approved by the Court.  *Id.*  And it is estimated that each Class Member will receive approximately $35, which is an excellent result.

Weighing the benefits of the Settlement against the risks associated with proceeding in litigation and in collecting on any judgment, the proposed Settlement is more than reasonable. *See Carter*, 2019 WL 5295125, at *3 ("The amount of the settlement is fair, adequate and reasonable given the risks of continued litigation.").

### v.  <u>The Extent of Discovery</u>

Courts also evaluate whether class counsel had sufficient information to make an "informed decision" about the merits of the case. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). Plaintiff conducted a robust investigation prior to filing the lawsuit and received information as a result of discovery and related to the mediation, including information regarding the implementation of the Pixels and APIs on Defendant's website, information pertaining to potential class size, and information regarding Defendant's financial condition. In short, the proposed Settlement is the result of fully-informed negotiations. Fraietta Decl. ¶ 19.

1

2

**vi.    The Views of Experienced Counsel Support
        Granting Final Settlement Approval**

The judgment of experienced counsel regarding the Settlement is entitled to great weight.

*Miramontes v. U.S. Healthworks, Inc.*, 2017 WL 11633665, at *7 (C.D. Cal. Sept. 5, 2017)

("Significant weight should be attributed to the belief of experienced counsel that the settlement

is in the best interest of the Class") (citing *DIRECTV, Inc.*, 221 F.R.D. at 528). "[T]he

recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *In re

Google Location History Litig.*, 2024 WL 1975462, at *8 (N.D. Cal. May 3, 2024). Plaintiff's

Counsel here have extensive experience in prosecuting and litigating consumer class action

cases.  Fraietta Decl. ¶ 19. They have conducted extensive investigation in this case, and

demanded and obtained documents and information in advance of mediation and in discussions

with Defendant's counsel. *Id.* That qualified and well-informed counsel endorse the Settlement

as being fair, reasonable, and adequate under the applicable factors weighs heavily in favor of

this Court's approval of the Settlement.

**vii.    The Response of Class Members Has Been
          Overwhelmingly Positive**

The objection and opt-out deadlines lapses on November 24, 2024.  To date, not a single

Class Member objected to the Settlement, and only 2 Class Members opted out.  *See* Brunner

Decl. ¶ 17.  Such an overwhelmingly positive response from Class Members strongly supports

final approval.  *See Knapp v. Art.com, Inc.*, 283 F. Supp. 3d 823, 833-34 (N.D. Cal. 2017)

("[T]he absence of a large number of objections to a proposed class action settlement raises a

strong presumption that the terms of a proposed class settlement action are favorable to the class

members.  A court may appropriately infer that a class action settlement is fair, adequate, and

reasonable when few class members object to it. … [T]he fact that the overwhelming majority

of the class willingly approved the offer and stayed in the class presents at least some objective

positive commentary as to its fairness.") (internal quotation marks and citation omitted);

*Rodriguez*, 563 F.3d at 967 (affirming district court's finding that 54 objections out of 376,301

putative class members reflected a favorable reaction); *Larsen*, 2014 WL 3404531, at *5; *In re

Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("[T]he absence of a large

number of objections to a proposed class action settlement raises a *strong presumption* that the terms of a proposed class settlement action are favorable to the class members.") (emphasis added and citation omitted); *Torchia v. W.W. Grainger, Inc.*, 304 F.R.D. 256, 270 (E.D. Cal. 2014) ("Significantly, no objections were filed by Class Members following service of the Class Notice Packet. … Therefore, this factor weighs in favor of the Settlement.") (internal citation omitted); *DIRECTV, Inc.*, 221 F.R.D. at 529 ("The absence of a single objection to the Proposed Settlement provides further support for final approval of the Proposed Settlement.  It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."); *Arreola*, 2021 WL 4220630, at *5 ("[N]one [of the settlement class members] objected or opted out.  A low proportion of opts outs and objections 'indicates that the class generally approves of the settlement.'  Therefore, this factor weighs in favor of final approval.") (citations omitted).

### 3.    The Rule 23(e)(2) Factors

#### i.    The Class Is Adequately Represented

Plaintiff's interests here are aligned with other Settlement Class Members' interests because they suffered the same injuries when Joyous disclosed their personally identifiable and confidential medical information to third parties without their consent. Because Plaintiff and the Class suffered these alleged injuries as a result of Defendant's common course of conduct, Plaintiff has an interest in vigorously pursuing the claims of the Class. *Id*. Further, as elaborated upon below, Plaintiff's attorneys have extensive experience (Fraietta Decl. ¶ 19), and have more than adequately met the obligations and responsibilities of Class Counsel. This factor thus favors preliminary approval.

#### ii.    The Settlement Was Negotiated at Arm's Length

This proposed Settlement is the result of extensive negotiations, including a formal mediation. Fraietta Decl. ¶ 4. Not only was the settlement not collusive, but Plaintiff achieved a result that meets or exceeds results in other comparative actions. *See* id. ¶ 12.

Under such circumstances, the proposed Settlement is entitled to a finding of

reasonableness, and the Court is entitled to rely upon counsel's opinions and assessments. *See Perks v. Activehours, Inc.*, 2021 WL 1146038, at *5 (N.D. Cal. Mar. 25, 2021) (approving settlement achieved following "arm's-length negotiations . . . supervised by [an experienced neutral]" and involving experienced class counsel that had performed sufficient investigation "to make an informed decision about the Settlement and about the legal and factual risks of the case"); *Villegas v. J.P. Morgan Chase & Co.*, 2012 WL 5878390, at *6 (N.D. Cal. Nov. 21, 2012) (finding use of mediators "tends to support the conclusion that the settlement process was not collusive").

### iii. The Settlement Provides Adequate Relief to the Settlement Class

Whether relief is adequate takes into account: "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, if required; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." Fed. R. Civ. P. 23(e)(2)(C)(i-iv). These factors subsume several *Hanlon* factors including: "the risk, expense, complexity, and likely duration of further litigation," "the risk of maintaining class action status throughout the trial," and "the amount offered in settlement." *Hanlon,* 150 F.3d at 1026. As noted above, the Settlement satisfies all *Hanlon* factors. *See* Section V.2, *supra*.

Regarding "the effectiveness of any proposed method of distributing relief to the class," it is "important for the court to scrutinize the method of claims processing to ensure that it facilitates filing legitimate claims." *Alvarez v. Sirius XM Radio Inc.*, 2020 WL 7314793, at *6 (C.D. Cal. July 15, 2020) (citing Fed. R. Civ. P. 23(e), 2018 Advisory Committee Notes). "A claims processing method should deter or defeat unjustified claims, but the court should be alert to whether the claims process is unduly demanding." *Id.* Under the terms of the proposed Settlement, Settlement Class Members will be automatically be issued, by check or electronic payment, *pro rata* payments from the Settlement Fund. Settlement Agreement § 2.1.b. These payments will be made no later than 28 days after the Settlement's Effective Date. *Id*. The claims

1   process "requires logging on to the Settlement Website and submitting a Claim there, or a

2   Settlement Class Member may print the Claim form from that website and mail a filled-in hard-

3   copy to the Settlement Administrator if they prefer." *Alvarez*, 2020 WL 7314793, at *6; Brunner

4   Decl. ¶¶ 4, 9, 12. The Court should thus find that "this process is not unduly demanding, and

5   that the proposed method of distributing relief to the Class is effective." *Alvarez*, 2020 WL

6   7314793, at *6. Furthermore, unclaimed funds (*e.g.*, from uncashed checks) will be re-distributed

7   to Settlement Class Members who have made claims so long as each claimant will received at

8   least $5.00. Settlement Agreement § 2.1.g.

9       With respect to "the terms of any proposed award of attorney's fees," Plaintiff's Counsel

10  will apply for attorneys' fees and will not exceed 25% of the Settlement Fund ($100,000).

11  Settlement Agreement § 8.1. The Ninth Circuit has identified five factors that are relevant in

12  determining requested attorneys' fees are reasonable: (1) the results achieved; (2) the risk of

13  litigation; (3) whether Class Counsel's work generated benefits beyond the Class settlement

14  fund, (4) market rates as reflected by awards made in similar cases; and (5) the contingent nature

15  of the fee and the financial burden carried by Plaintiff and the Class. *See Vizcaino v. Microsoft*

16  *Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002). Although Plaintiff's Counsel will address each

17  factor in detail in their fee application, these requirements are easily satisfied now.

18      First, Plaintiff's Counsel has secured a $400,000 cash settlement. This is an excellent

19  result for the reasons stated above. *See* Section IV.A.4.

20      Second, Plaintiff has established that there are significant risks in entering protracted

21  litigation. *See* Sections IV.A.1-3.

22      Third, the requested fee is below market rates as reflected by awards made in similar

23  cases in this district. *See*, *e.g.*, *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 457-60 (9th Cir.

24  2000) (affirming award of 33.5% of $1,725,000 settlement fund in fees); *Linney v. Cellular*

25  *Alaska P'ship*, No. C-96-3008 DLJ, 1997 WL 450064, at *7 (N.D. Cal. July 18, 1997), *aff'd*,

26  151 F.3d 1234 (9th Cir. 1998) (affirming award of 33.3% of $6,000,000 settlement fund in fees);

27  *id.* ("The $2,000,000 requested by class counsel amounts to one-third of this common fund . . .

28  Courts in this district have consistently approved attorneys' fees which amount to approximately

one-third of the relief procured for the class."); *In re Pac. Enterprises Sec. Litig.*, 47 F.3d at 379

(affirming award of 33.3% of $33,000,000 settlement fund in fees); *Wellens v. Sankyo*, 2016 WL

8115715, at *3 (N.D. Cal. Feb. 11, 2016) (awarding 35% of $8,200,000 settlement fund in fees).

Finally, the requested fees are also fair given the time Plaintiff's Counsel has devoted to

this case on a contingency fee basis, with the threat of no recovery at all, absent successful

resolution. Thus, because of the contingent nature of the fee and the financial burden carried by

Plaintiff and the Class, Plaintiff's Counsel's fee award request of 25% of the total Settlement

Value is reasonable and appropriate in this case. *See Vizcaino*, 290 F.3d at 1048-50.

The Settlement thus provides adequate relief to the Class pursuant to Rule 23(e)(2)(C),

and the requested attorneys' fees are reasonable in relation to such relief.

### iv.    The Settlement Treats All Settlement Class Members Equally

"The final Rule 23(e)(2) factor is whether 'the proposal treats class members equitably

relative to each other.'" *Perks*, 2021 WL 1146038, at *6 (citing Fed. R. Civ. P. 23(e)(2)(D)). As

explained above, there is no preferential treatment here because every Settlement Class Member

will be paid a *pro rata* portion of the settlement. *See* Settlement Agreement § 2.1.b. Courts in

this district have found that allocating settlement benefits among class members in this manner is

equitable. *See In re Extreme Networks, Inc. Sec. Litig.*, 2019 WL 3290770, at *8 (N.D. Cal. July

22, 2019) (finding *pro rata* distribution equitable); *State of California v. eBay, Inc.*, 2014 WL

4273888, at *5 (N.D. Cal. Aug. 29, 2014) (explaining a proposed settlement is appropriate where

it "does not improperly grant preferential treatment to class representatives or segments of the

class").[3] Unclaimed funds will be redistributed to Settlement Class Members who have made

claims. *See* Settlement Agreement § 2.1.g.

Finally, any undistributed funds will go as a *cy pres* distribution to "California Access to

Justice Commission, a non-sectarian, not-for-profit organization." *Id*. Accordingly, the *cy pres*

funds will be used as a public good, thus indirectly benefiting Settlement Class Members. This

---

[3] The service awards requested for Plaintiff is presumptively reasonable and therefore do "not
constitute inequitable treatment of class members." *See In re Extreme Networks, Inc. Sec. Litig.*,
2019 WL 3290770, at *8 (explaining [s]ervice awards as high as $5,000 are presumptively
reasonable in this judicial district.").

satisfies the requirements for a *cy pres* award in the Ninth Circuit. *See Lane v. Facebook, Inc.*, 696 F.3d 811, 819-22 (9th Cir. 2012); Settlement Agreement § 2.1.g. Thus, this factor weighs in favor of granting approval.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the motion for preliminary approval.

Dated: September 29, 2025                    **BURSOR & FISHER, P.A**.

                                             By:    */s/ Philip L. Fraietta*
                                                      Philip L. Fraietta

                                             Phillip L. Fraietta (State Bar No. 354768)
                                             50 Main Street, Suite 475
                                             White Plains, NY 10606
                                             Telephone: 914-874-0710
                                             Facsimile: 914-206-3656
                                             pfraietta@bursor.com

                                             **BURSOR & FISHER, P.A.**
                                             L. Timothy Fisher (State Bar No. 191626)
                                             Joshua R. Wilner (State Bar No. 353949)
                                             1990 North California Blvd., 9th Floor
                                             Walnut Creek, CA 94596
                                             Telephone: (925) 300-4455
                                             Facsimile: (925) 407-2700
                                             Email: ltfisher@bursor.com
                                                      jwilner@bursor.com

                                             **DRURY LEGAL, LLC**
                                             Scott R. Drury (State Bar No. 355002)
                                             6 Carriage Lane
                                             Highwood, Illinois 60040
                                             Telephone: (312) 358-8225
                                             scott@drurylegal.com