**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com
       jwilner@bursor.com

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (State Bar No. 354768)
50 Main Street, Suite 475
White Plains, NY 10606
Telephone: 914-874-0710
Facsimile: 914-206-3656
E-mail: pfraietta@bursor.com

**DRURY LEGAL, LLC**
Scott R. Drury (State Bar No. 355002)
6 Carriage Lane
Highwood, Illinois 60040
Telephone: (312) 358-8225
scott@drurylegal.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>    v.<br><br>JOYOUS, PBC,<br><br>              Defendant. | Case No. 3:24-cv-02357-JD<br><br>Hon. James Donato<br><br>**DECLARATION OF PHILIP L. FRAIETTA IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### DECLARATION OF PHILIP L. FRAIETTA

I, Philip L. Fraietta, declare as follows:

1.    I am an attorney at law licensed to practice in the State of California.  I am a partner at Bursor & Fisher, P.A., counsel for Plaintiff in this action.  I am a member of the bar of this Court.  I make this declaration in support of Plaintiff's motion for preliminary approval of the class action settlement.  I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, could and would competently testify thereto under oath.

2.    Attached hereto as **Exhibit 1** is a true and correct copy of the Class Action Settlement Agreement and Release (the "Settlement Agreement"). Attached to the Settlement Agreement are the proposed Website Notice  (Exhibit A), Post Card Notice (Exhibit B), Email Notice (Exhibit C), and Claim Form for Unidentified Class Members  (Exhibit D).

3.    Unless otherwise noted, all capitalized terms shall have the same meaning as set forth in the Settlement Agreement, and all ECF citations are to the docket in this Litigation.

### A.    Procedural History

4.    Plaintiff Jane Doe filed this action on April 19, 2024. ECF No. 1. On August 8, 2024, the Court referred the case to private mediation. ECF No. 23. The Parties participated in a mediation with former California Superior Court Judge Bonnie Sabraw, who is a neutral mediator affiliated with ADR Services, Inc., on October 21, 2024. The Parties did not reach a settlement on that date, but continued to negotiate and over the following months, and ultimately finalized the Settlement Agreement. The Parties finally executed the Settlement Agreement on April 28, 2025. On August 15, 2025, this Court issued an order granting preliminary approval of the settlement. ECF No. 35.

### B.    Key Terms Of The Settlement Agreement

5.    In preparation for the mediation, Plaintiffs conducted extensive research on the strengths and weaknesses of their claims, the likelihood of obtaining class certification, and comparable settlements in similar consumer privacy actions.

6.      Under the terms of the Settlement Agreement, the proposed Settlement Class consists of "all persons in the United States starting on October 5, 2023 through January 2, 2025 who reported to Defendant Joyous PBC that they: (1) located Defendant Joyous PBC by a method other than a web advertisement; and (2) booked an appointment to use the services provided by Defendant Joyous PBC, completed a screening questionnaire related to the booking process and subsequently received one or more web-directed advertisements relating to ketamine treatments." Settlement Agreement § 1.31. Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons. *Id.* Joyous has represented that there are approximately 10,000 persons in the Settlement Class.

7.      This Settlement Class definition modifies the definition provided in the Complaint, ECF No. 1, which defined the class as "all persons in the United States who, during the class period, had their personally identifiable information or protected health information improperly disclosed to, and/or intercepted by, third party entities, as a result of using the Website." Complaint ¶ 94. The modification is consistent with the evidence to- date regarding Joyous's conduct.

8.      The Settlement Agreement provides an all-cash non-revisionary common fund recovery of $400,000 and represents, in Interim Plaintiff Counsel's view, an extraordinary result.

9.      The common fund will be used to pay Settlement Class Members, Notice and Settlement Administration Costs, taxes owed by the Settlement Fund, any Court-approved service award to Plaintiffs, and any Court-approved Attorneys' Fees and Expense Award. Settlement Agreement §1.33.

10.      The Class Members will not be required to submit claim forms in order to participate in the Settlement.  Instead, the Net Settlement Fund will automatically be distributed to

Class Members on a *pro rata* basis.  Settlement Agreement § 2.1.b. The amount to be distributed to each Authorized Claimant will be calculated by dividing the Net Settlement Fund by the number of Class Members. *Id.* Any funds remaining after the 180-day deadline for negotiating Claim Payment checks will be redistributed *pro rata* to Authorized Claimants that cashed their initial distribution check or received an electronic payment, so long as the reallocated *pro rata* share to each eligible Authorized Claimant is at least $5.00. *Id.* § 2.1.g. Any funds still remaining after 180 days from distribution will be distributed *cy pres* to the California Access to Justice Commission or another non-sectarian, not-for-profit organization(s) recommended by Class Counsel and approved by the Court.  *Id.*

11.    Utilizing contact information Defendant's possession, the Settlement Administrator will disseminate Mail and Email Notice directly to Settlement Class Members. *See* Settlement Agreement § 4.1.(b).

12.    Each Class Member is expected to receive approximately $35, a number significantly higher than comparable settlements. Settlement Agreement Ex. A-C.

13.    To the best of our knowledge, there are no other cases pending that would be impacted by this Settlement.

**C.    The Strength of Plaintiff's Case And The Risk Of Continuing Litgation**

14.    The information and discovery exchanged between Plaintiff and Joyous allowed Counsel to be well informed about the strengths and weaknesses of the claims and the advantages of the Settlement. Accordingly, Plaintiff Counsel's well-informed views of the strength of claims and likely defenses weigh in favor of preliminary approval.

15.    In evaluating the strengths and weaknesses of this case, we considered a number of factors. Plaintiff's underlying investigation, which includes detailed analysis of source code on Defendant's website, provides a strong factual basis for Plaintiff's claims and a potential recovery. We have always believed, and still believes, that Joyous would be held liable on the merits if the case proceeded to trial. We also would expect discovery to confirm the use of the Pixels, APIs, and other technologies. Accordingly, if Plaintiffs were to succeed at trial, and maximum statutory

penalties were awarded under the California Invasion of Privacy Act ("CIPA") and the California Confidentiality of Medical Information Act ("CMIA") on behalf of a nationwide class, GoodRx could have been liable for up to $60 million in damages. This is because the CMIA and CIPA provide for $1,000 and $5,000 in statutory penalties, respectively. *See* Cal. Civ. Code § 56.36(b)(1); Cal. Penal Code § 637.2(a)(1).

16.     Nevertheless, we recognize that a favorable outcome was not assured and that Plaintiff's claims against Joyous would face risks at the class certification, summary judgment, and trial phases of the Litigation.  The Settlement Class faced risks at class certification given the new and evolving landscape of laws governing data collected through Defendants' Tracking Software. *See Dexter's LLC v. Gruma Corp.*, No. 23-CV-212-MMA-AHG, 2023 WL 8790268, at *5 (S.D. Cal. Dec. 19, 2023) (finding risk of continued litigation favors approval of settlement given "the evolving legal landscape" of the law at issue in the case); *Torres v. Pet Extreme*, No. 1:13-CV-01778-LJO, 2015 WL 224752, at *6 (E.D. Cal. Jan. 15, 2015) (finding that the "risk that an opinion could issue changing the legal landscape in this relatively new area of [law]" favors approval of settlement), *adopted* 2015 WL 13653878 (Feb. 25, 2015); *Vandervort v. Balboa Cap. Corp.*, 8 F. Supp. 3d 1200, 1206 (C.D. Cal. 2014) (finding "novel legal issues" raised in the case "favor approving [the] settlement. Although there are many cases pending in this District for similar misconduct, none have advanced through the class certification stage.  *See, e.g.*, *Frasco v. Flo Health*, No. 3:21-cv-00757 (N.D. Cal.) (Donato, J.); *Doe v. FullStory, Inc.*, No. 3:23-cv-00059 (N.D. Cal.) (Orrick, J.); *In re Meta Pixel Healthcare Litig.*, No. 3:22-cv-03580 (N.D. Cal.) (Orrick, J.). This developing body of law presents inherent risks regarding the scope and nature of the Class.

17.     Similar risks also exist at the merits stage of the Litigation.  Plaintiff is aware of only one case involving similar tracking technology to reach the summary judgment stage: *Frasco v. Flo Health, Inc.*, No. 3:21-cv-00757-JD (N.D. Cal.). While the Court there denied Google's motion for summary judgment on many of the same issues presented in this case, the record here is still undeveloped leaving residual uncertainty as to at least some of Defendant's fact-based

defenses. The Settlement reduces or eliminates some of the risks of non-recovery to Plaintiff and the Class and replaces them with certain relief and a positive recovery for each Settlement Class Member.

18.     Further, the amount of the Settlement is reasonable given Joyous's current financial condition. While, at their maximum, the statutory penalties available under CIPA and CMIA could amount to $60 million, assuming they apply to the nationwide class, Joyous likely could not withstand a judgment of that size. Rather than insist on an illusory, maximum recovery that Joyous would be unable to pay, the Settlement resolves Plaintiff's and Settlement Class Members' claims for an estimated $37 per person.

### D.     Experience And Views Of Counsel

19.     Plaintiff's counsel have extensive experience in prosecuting and litigating consumer class action cases. As detailed in our firm resumes, Drury Legal, LLC  and my firm have litigated class action lawsuits for decades and have recovered billions of dollars for consumers. We conducted an extensive investigation in this case and were well informed as to the various issues from the outset of litigation and throughout the case. We demanded and obtained documents and information in advance of mediation and in discussions with Defendant's counsel that assisted in our evaluation of Plaintiff's case. Settlement negotiations were hard-fought, with  Defendant's interests represented by skilled counsel from Quadra & Coll with substantial litigation experience.. The final Settlement, we believe, reflects those difficult, non-collusive negotiations and provides substantial relief for the Settlement Class. Accordingly, we strongly endorse the Settlement as being fair, reasonable, and adequate.

### E.     Attorney's Fees And Expense Awards

20.     Plaintiff's Counsel  have undertaken this litigation on a wholly contingent basis. In connection with the final approval of this Settlement, Plaintiff will ask the Court for an attorneys' fee award of no more than 25% of the Settlement Fund ($100,000), which includes reasonable Litigation Expenses. As part of the $100,000 award, we are seeking $9,400.60 as reimbursement for any Litigation Expenses incurred by Plaintiff's Counsel. The unaudited lodestar invested in this

case by Plaintiffs' Counsel as of April 2025 is approximately $168,330.60. Thus, Plaintiff's counsel requests less than their lodestar from the Settlement.

### F.    Service Award

21.    Plaintiff has applied for a service award of no more than $5,000, as appropriate compensations for her time and effort serving as Plaintiff and putative class representatives. Plaintiff has spent substantial time on this action, assisted with the investigation of this action and the drafting of the Complaint, has been in contact with counsel frequently, and has stayed informed of the status of the action.

### G.    Settlement Administrator And Notice Plan

22.    In its August 15, 2025 Order, the Court Appointed Simpluris as the settlement administrator.

23.    The Notice Program for this Settlement involved sending direct notice using email addresses and mailing addresses provide by Joyous, as approved by this Court in its August 15, 2025 Order. *See* Brunner Declaration ¶¶ 7-15. To date, the Notice Plan has reached over 97% of the Settlement Class. Of the approximately 7,721 Settlement Class Members, there were 2 requests for exclusion and no objections.

24.    Filed herewith is the Brunner Declaration. The Parks Declaration further describes Simpluris's  execution of the Notice Plan ordered by the Court.  All Notice and Settlement Administration Costs will be paid from the Settlement Fund. Settlement Agreement § 1.33.

25.    Pursuant to the Settlement Agreement, Simpluris provided notice of the Settlement to the appropriate state and federal officials under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b). Settlement Agreement § 1.29.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.  Executed on April 28, 2025 in New York, New York.

*/s/ Philip L. Fraietta*
Philip L. Fraietta

**EXHIBIT 1**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

JANE DOE, individually and on behalf of all
others similarly situated,

                    Plaintiff,

      v.

JOYOUS, PBC,

             Defendant.

Case No. 3:24-cv-02357-JD

## CLASS ACTION SETTLEMENT AGREEMENT

This Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Plaintiff, Jane Doe ("Plaintiff"); (ii) the Settlement Class (as defined herein); and (iii) Defendant, Joyous, PBC ("Defendant" or "Joyous"). The Settlement Class and Plaintiff are collectively referred to as the "Plaintiffs" unless otherwise noted. The Plaintiff and the Defendant are collectively referred to herein as the "Parties." This Agreement is intended by the Parties to fully, finally and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

A.      On April 19, 2024, Plaintiff filed a putative class action in the United States District Court for the Northern District of California. The material allegations of the complaint center on Defendant's alleged disclosure of its customers' medical information and confidential communications to third parties, which Plaintiff claims was without permission and in violation of the California Invasion of Privacy Act, Cal. Pen. Code §631(a), the California Confidentiality of Medical Information Act, Cal. Civ. Code §56.10, and the California Constitution and common

law. (ECF No.1.)

      B.     From the outset of the case, the Parties engaged in direct communication, and as part of their obligation under Fed. R. Civ. P. 26, discussed the prospect of resolution.  To that end, the Parties agreed to participate in a mediation with former California Superior Court Judge Bonnie Sabraw, who is a neutral mediator affiliated with ADR Services, Inc.

      C.     In advance of the mediation, the Parties exchanged informal discovery, including on the size and scope of the putative class, which includes approximately 10,000 persons, and also exchanged lengthy mediation briefing pertaining to the merits of the case.

      D.     On October 21, 2024, the Parties participated in a mediation with Judge Sabraw. The mediation lasted approximately 5 hours.  The Parties did not reach a settlement on that date, but continued to negotiate and seek a resolution over the next several months.

      E.     At all times, Defendant has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that it committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Action and to oppose certification of a litigation class.  Defendant believes that the claims asserted in the Action against it do not have merit and that it would have prevailed at summary judgment, at class certification, and/or at trial.  Nonetheless, taking into account the uncertainty, risks and costs inherent in any litigation, Defendant has concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement.  This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendant, or

any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever or with respect to the certifiability of a litigation class.

F.    Plaintiff believes that the claims asserted in the Action against Defendant have merit and that she would have prevailed at summary judgment and/or trial.  Nonetheless, Plaintiff and Class Counsel recognize that Defendant has raised factual and legal defenses that present a risk that Plaintiff may not prevail.  Plaintiff and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Defendant through a motion to dismiss, summary judgment, class discovery, class certification, trial, and any subsequent appeals.  Plaintiff and Class Counsel also have taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such litigation.  Therefore, Plaintiff believes it is desirable that the Released Claims be fully and finally compromised, settled, and resolved with prejudice.  Based on its evaluation, Class Counsel has concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff, the Settlement Class, and each of them, and Defendant, by and through its undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## AGREEMENT

1.    **DEFINITIONS**.

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1    "**Action**" means *Doe v. Joyous, PBC*, Case No. 3:24-cv-02357-JD, pending in the United States District Court for the Northern District of California.

1.2    "**Alternate Judgment**" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Agreement and where none of the Parties elects to terminate this Settlement by reason of such variance.

1.3    "**Cash Award**" means the cash compensation, payable by the Settlement Administrator from funds provided by Defendant on a pro rata basis, that each Settlement Class Member who has not opted-out of the Settlement shall be entitled to receive, which estimated amount shall be specified in the Notice.  Settlement Class Members shall have the option to elect to receive their Cash Awards via check, PayPal, or Venmo, provided however that the default payment method shall be check.

1.4    "**Claim Deadline**" means 11:59 p.m., Pacific Time, on the date by which Unidentified Class Members must submit Claim Forms (either electronically on the Settlement Website or by mailing in a paper Claim Form) to be eligible for the benefits described herein, which date and time shall be specified in the Notice.

1.5    "**Claim Form**" means the claim form attached hereto as Exhibit D, or its substantially similar form, as approved by the Court, that any Unidentified Class Members must complete and submit on or before the Claim Deadline to be eligible for the benefits described herein, which document shall be submitted to the Court when preliminary approval of the Settlement is sought.

**1.6**    "**Class Counsel**" means Philip L. Fraietta and Emily A. Horne of Bursor & Fisher, P.A. and Scott R. Drury of Drury Legal, LLC.

**1.7**    "**Class List**" means an electronic list or lists from Defendant's available records that includes the names, last known U.S. Mail addresses, and email addresses, to the extent available, belonging to Persons within the Settlement Class, which shall be provided to the Settlement Administrator with a copy to Class Counsel in accordance with Paragraph 4.1(a).

**1.8**    "**Class Representative**" means the named Plaintiff in this Action, Jane Doe.

**1.9**    "**Court**" means the United States District Court for the Northern District of California, the Honorable James Donato presiding, or any judge who shall succeed him as the Judge in this Action.

**1.10**    "**Defendant**" means Joyous, PBC.

**1.11**    "**Defendant's Counsel**" means James Quadra and Rebecca Coll of Quadra & Coll, LLP.

**1.12**    "**Effective Date**" means the date ten (10) days after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

**1.13**    "**Escrow Account**" means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation.  The Settlement Fund shall be deposited by Defendant into the Escrow Account in accordance with the terms of this Agreement and the money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other:  (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less.  The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund.

1.14    "**Fee Award**" means the amount of attorneys' fees, costs, and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

1.15    "**Final**" means one business day following the latest of the following events:  (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

1.16    "**Final Approval Hearing**" means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, the Fee Award, and the service award to the Class Representative.

1.17    "**Final Judgment**" means the Final Judgment and Order to be entered by the Court approving the Agreement after the Final Approval Hearing.

1.18    "**Joyous Subscriber Information**" means the combination of each of a Person's name, address, and the title(s) and/or interest information derived solely from Defendant.

1.19    "**Notice**" means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be sent to the Settlement Class substantially in the manner set forth in this Agreement, is consistent with the requirements of Due Process, Rule 23, and is substantially in the form of Exhibits A, B, and C hereto.

**1.20**    "**Notice Date**" means the date by which the Notice set forth in Paragraph 4.1 is complete, which shall be no later than twenty-eight (28) days after Preliminary Approval.

**1.21**    "**Objection/Exclusion Deadline**" means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement Class must be made, which shall be designated as a date no later than forty-five (45) days after the Notice Date and no sooner than fourteen (14) days after papers supporting the Fee Award are filed with the Court and posted to the settlement website listed in Paragraph 4.1(c), or such other date as ordered by the Court.

**1.22**    "**Person**" shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.  "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

**1.23**    "**Plaintiffs**" means Jane Doe and the Settlement Class Members.

**1.24**    "**Preliminary Approval**" means the Court's certification of the Settlement Class for settlement purposes, preliminary approval of this Settlement Agreement, and approval of the form and manner of the Notice.

**1.25**    "**Preliminary Approval Order**" means the order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice thereof to the Settlement Class, which will be agreed upon by the Parties and submitted to the Court in conjunction with Plaintiffs' motion for preliminary approval of the Agreement.

**1.26**    "**Released Claims**" means any and all actual, potential, filed, known or unknown,

fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and or obligations (including "Unknown Claims," as defined below), whether in law or in equity, accrued or un-accrued, direct, individual or representative, of every nature and description whatsoever, whether based on the CIPA or other state, federal, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged disclosure of the Settlement Class Members' personal information or Joyous Subscriber Information, including but not limited to all claims that were brought or could have been brought in the Action relating to any and all Releasing Parties.

**1.27** "**Released Parties**" means Joyous, PBC, as well as any and all of its respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, licensors, licensees, associates, affiliates, employers, agents, consultants, insurers, independent contractors, including without limitation employees of the foregoing, owners, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

**1.28** "**Releasing Parties**" means Plaintiff, those Settlement Class Members who do not timely opt out of the Settlement Class, and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors,

directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

1.29    "**Settlement Administration Expenses**" means the expenses incurred by the Settlement Administrator in providing Notice (including CAFA notice), processing claims, responding to inquiries from members of the Settlement Class, mailing checks, and related services, paying taxes and tax expenses related to the Settlement Fund (including all federal, state or local taxes of any kind and interest or penalties thereon, as well as expenses incurred in connection with determining the amount of and paying any taxes owed and expenses related to any tax attorneys and accountants).

1.30    "**Settlement Administrator**" means Simpluris, or such other reputable administration company that has been selected jointly by the Parties and approved by the Court to perform the duties set forth in this Agreement, including but not limited to serving as Escrow Agent for the Settlement Fund, overseeing the distribution of Notice, as well as the processing and payments to the Settlement Class as set forth in this Agreement, handing all approved payments out of the Settlement Fund, and handling the determination, payment and filing of forms related to all federal, state and/or local taxes of any kind (including any interest or penalties thereon) that may be owed on any income earned by the Settlement Fund.  Class Counsel's assent to this Agreement shall constitute consent on behalf of each and every member of the Settlement Class as defined herein to disclose all information required by the Settlement Administrator to perform the duties and functions ascribed to it herein.

**1.31** "**Settlement Class**" means all persons in the United States starting on October 5, 2023 through January 2, 2025 who reported to Defendant Joyous PBC that they: (1) located Defendant Joyous PBC organically, not through a web advertisement; and (2) booked an appointment to use the services provided by Defendant Joyous PBC, completed a screening questionnaire related to the booking process and subsequently received one or more web-directed advertisements relating to ketamine treatments. Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) the Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, agents, attorneys, and employees; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors or assigns of any such excluded persons.  Based on Defendant's records, there are approximately 10,000 Persons in the Settlement Class.

**1.32** "**Settlement Class Member**" means a Person who falls within the definition of the Settlement Class as set forth above and who has not submitted a valid request for exclusion.

**1.33** "**Settlement Fund**" means the non-reversionary cash fund that shall be established by or on behalf of Defendant in the total amount of four hundred thousand dollars ($400,000.00 USD) to be deposited into the Escrow Account, according to the schedule set forth herein, plus all interest earned thereon.  From the Settlement Fund, the Settlement Administrator shall pay all Cash Awards to Settlement Class Members, Settlement Administration Expenses, any service award to the Class Representative, any Fee Award to Class Counsel, and any other costs, fees or expenses approved by the Court.  The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such

time as the listed payments are made. The Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow Account. The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings. The Settlement Fund represents the total extent of Defendant's monetary obligations under this Agreement. The payment of the Settlement Amount by Defendant fully discharges the Defendant and the other Released Parties' financial obligations (if any) in connection with the Settlement, meaning that no Released Party shall have any other obligation to make any payment into the Escrow Account or to any Class Member, or any other Person, under this Agreement. The amount of the Settlement Fund is based on the understanding that the Settlement Class does not include more than 10,000 persons. In the event that the final Settlement Class list includes more than 10,000 persons, Defendant will increase the Settlement Fund by $30 per each additional person above 10,000.

     **1.34** **"Settlement Website"** means the dedicated website created and maintained by the Settlement Administrator, which will contain relevant documents and information about the Settlement, including the Settlement Agreement, the long-form Notice and the Claim Form, as well as web-based forms for Settlement Class Members and Unidentified Class Members to submit electronic Claim Forms, requests for exclusion from the Settlement, elections to receive Cash Awards by PayPal or Venmo, or updated postal addresses to which Cash Awards should be sent after the Settlement becomes Final.

     **1.35** **"Unidentified Class Member"** means a member of the Settlement Class for whom the Settlement Administrator has *not* been able to identify a postal address that it determines is reasonably likely to be the current place of residence for such member of the Settlement Class.

**1.36**    "**Unknown Claims**" means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement.  Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

**2.**    **SETTLEMENT RELIEF**.

**2.1**    **Payments to Settlement Class Members**.

**(a)**    Defendant will fund the Settlement Fund in two equal installments of $200,000 each. The first installment shall be deposited into the Settlement Fund no later than 14 days following the Court's granting of Preliminary Approval. The second and final installment shall be deposited into the Settlement Fund no later than 240 days after the first installment..

**(b)**        Each Settlement Class Member shall receive as a Cash Award a *pro rata*

portion of the Settlement Fund, calculated by the Settlement Administrator, after deducting all

Settlement Administration Expenses, any Fee Award to Class Counsel, any service award to the

Class Representative, and any other costs, fees, or expenses approved by the Court, unless the

Settlement Class Member excludes himself or herself from the Settlement.

**(c)**        Except for any Settlement Class Member for whom the Settlement

Administrator is unable to identify a postal address or e-mail address that it determines is

reasonably likely to be the current place of residence (or an active e-mail address) for such

Settlement Class Member, after taking measures reasonably necessary to identify such an

address (as detailed further in Paragraph 4.1(b)), each Settlement Class Member will be sent via

U.S. postal mail (and/or e-mail to the extent a postal address is unavailable for a Settlement Class

Member) a copy of the Class Notice, which will also indicate the estimated amount of the Cash

Award that the Settlement Class Member will be paid upon final approval of the Settlement

unless the Settlement Class Member opts out of the Settlement.

**(d)**        *Payments to Identified Settlement Class Members.* After final approval of

the Settlement, a direct payment by check will be made to each Settlement Class Member who

did not exclude himself or herself and for whom at least one postal address has been identified

by the Settlement Administrator that the Settlement Administrator concludes is reasonably likely

to reflect the current residence of such Settlement Class Member, after taking measures

reasonably necessary to identify such an address, as set forth more fully in Paragraph 4.1(b); to

the extent multiple such postal addresses are identified by the Settlement Administrator for a

particular Settlement Class Member, such check shall be sent to the address that the Settlement

Administrator concludes is the most likely among such multiple addresses to reflect the current

residence of such Settlement Class Member.  The foregoing direct payment procedure shall

apply for all Settlement Class Members for whom a postal address has been identified unless:  (i)

the Settlement Class Member submits an updated address to which their check should be sent on

a web-based form on the Settlement Website, in which case such check will be sent to the

updated address that was provided, or (ii) the Settlement Class Members elects to receive

payment by PayPal or Venmo by following the procedures on the Settlement Website to make

such a request.

   **(e)** *Payments to Unidentified Class Members.* To the extent the Settlement

Administrator is unable to identify at least one postal address for any Settlement Class Member

that the Settlement Administrator concludes is reasonably likely to reflect the current residence

of such Settlement Class Member, then in that event, and only in that event, shall any such

Settlement Class Member be required to submit, as clearly explained in the website Notice and

the e-mail Notice(s) that the Settlement Administrator will have attempted to send such

Settlement Class Member, a qualifying Claim Form that will include their (1) name; (2) postal

address the provided to Defendant (3) postal address to which their check shall be sent or

instructions for payment via PayPal or Venmo; and (4) a telephone number and/or email address

at which the Settlement Administrator may contact him or her to obtain any additional

information that may be required to verify such Person's claim.

   **(f)** Payments to all Settlement Class Members who do not exclude themselves

from the Settlement shall be made within twenty-eight (28) days after the Effective Date.  Each

check issued will state on its face that the check will expire and become null and void unless

cashed within 180 Days of the date of issuance.  To the extent that a check issued to a Settlement

Class Member is not cashed within 180 Days after the date of issuance (which issuance shall be no sooner than 5 Days prior to such check's mailing), the check will be void.

       **(g)**    To the extent that any checks issued to a Settlement Class Member are not cashed within one-hundred eighty (180) days after the date of issuance, such uncashed check funds shall be redistributed on a *pro rata* basis (after first deducting any necessary settlement administration expenses from such uncashed check funds) to all Settlement Class Members who cashed checks during the initial distribution, but only to the extent each Settlement Class Member would receive at least $5.00 in any such secondary distribution and if otherwise feasible. To the extent each Settlement Class Member would receive less than $5.00 in any such secondary distribution or if a secondary distribution would be otherwise infeasible, any uncashed check funds shall, subject to Court approval, revert to the California Access to Justice Commission, a non-sectarian, not-for-profit organization, or another non-sectarian, not-for-profit organization(s) recommended by Class Counsel and approved by the Court.

       **(h)**    Subject to the provisions pertaining to the termination or cancellation of the Settlement, as set forth in Paragraph 9, no portion of the Settlement Fund shall revert back to Defendant.

**3.**    **RELEASE**.

    **3.1**    The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

    **3.2**    Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

**4.**    **NOTICE TO THE CLASS**.

    **4.1**    The Notice Plan shall consist of the following:

      **(a)**    *Settlement Class List*.  No later than twenty-eight (28) days after the execution of this Agreement, Defendant shall, to the best of its ability, produce an electronic list or lists from its available records that includes the names, last known U.S. Mail addresses, and email addresses, to the extent available, belonging to Persons within the Settlement Class.  Class Counsel's assent to this Agreement shall constitute consent on behalf of each and every member of the Settlement Class as defined herein to disclose this information as stated in this paragraph. This electronic document shall be called the "Class List," and shall be provided to the Settlement Administrator with a copy to Class Counsel.

      **(b)**    *Method for Providing Notice.*

      **i.**    The Notice shall provide information to each Settlement Class Member regarding (a) the specific amount of the Cash Award that will be paid to each Settlement Class Member upon final approval; (b) the requirements for the filing of Claim Forms by any Unidentified Settlement Class Members; (c) the amount of the Service Award and the Fee Award to be requested by Plaintiff and Class Counsel; (d) the Objection/Exclusion Deadline and the requirements and process for filing an objection to or a request for exclusion from the Settlement; and (e) the URL of the Settlement Website, where additional information and documents concerning the Settlement may be obtained.

      **ii.**    For every Settlement Class Member for whom the Settlement Administrator has been able to identify a postal address that it concludes has a reasonable likelihood of reflecting the current residence of such Settlement Class Member, as identified by the Settlement Administrator after taking measures reasonably necessary to identify such an address, the Settlement Administrator shall send the Notice to the Settlement Class Member at such address via postal mail.

**iii.** To the extent multiple postal addresses are identified by the Settlement Administrator as having a reasonable likelihood of reflecting the current residence of a particular Settlement Class Member, Notice shall be sent to all such postal addresses, and each such Notice shall indicate the address to which the Settlement Class Member's Cash Award check will be sent by check at the conclusion of the Settlement administration process; such address shall be the one that the Settlement Administrator concludes is the most likely among such multiple addresses to reflect the current residence of such Settlement Class Member.

**iv.** For any Settlement Class Member for whom the Settlement Administrator is unable to identify at least one postal address that it concludes has a reasonable likelihood of reflecting the current residence of such Settlement Class Member, the Notice will be delivered to any and all e-mail addresses specified in the Class List or otherwise identified by the Settlement Administrator as being reasonably likely to belong to such Settlement Class Member (after taking measures reasonably necessary to identify such e-mail address(es)).

**v.** If any Notice sent to a Settlement Class Member is returned as undeliverable, the Settlement Administrator shall redeliver the Notice to any alternative postal address(es) identified by the Settlement Administrator as having a reasonable likelihood of being the current place of residence for such Settlement Class Member (or, if none is available, to any e-mail address(es) believed to belong to the Settlement Class Member), after taking measures reasonably necessary to locate such addresses.

**(c)** *Settlement Website.* Within ten (10) days from entry of the Preliminary Approval Order, Notice shall be provided on a website at an available settlement URL (such as, for example, www.joyouspbcsettlement.com) which shall be obtained, administered and maintained by the Settlement Administrator and shall include the ability to file Claim Forms on-

line, provided that such Claim Forms, if signed electronically, will be binding for purposes of applicable law and contain a statement to that effect.  The Notice provided on the Settlement Website shall be substantially in the form of Exhibit C hereto.

      **(d)**    *Joyous Statement.*  The documents referenced in 4.1(b), (c), and (d) shall contain the following statement from Joyous in a format/typeface designed to give it prominence within each said document:  "While Joyous believes that its practices were in compliance with California law, Joyous chose to settle this case, without admitting liability, to focus time, effort and resources on continuing to provide valued services to its patients, and to avoid incurring additional legal fees and the uncertainty of litigation."

      **(e)**    *CAFA Notice.*  Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court along with the Motion for Preliminary Approval, the Settlement Administrator shall cause to be served upon the Attorney General of the United States, and any other required government officials, notice of the proposed settlement as required by law, subject to Paragraph 5.1 below.

      **4.2**    The Notice shall advise the Settlement Class of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or any of its terms. The Notice shall specify that any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making the objection files notice of an intention to do so and at the same time (a) files copies of such papers he or she proposes to be submitted at the Final Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Class Member represented by counsel, files any objection through the Court's CM/ECF system, and

(b) sends copies of such papers by mail, hand, or overnight delivery service to Class Counsel and Defendant's Counsel.

4.3     Any Settlement Class Member who intends to object to this Agreement must present on a timely basis pursuant to the Court's anticipated Order preliminarily approving the settlement the objection in writing, which must be personally signed by the objector, and must include:  (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member, (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).

4.4     If a Settlement Class Member or any of the Objecting Attorneys has objected to any other class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received.

4.5     A Settlement Class Member may request to be excluded from the Settlement Class by sending a timely written request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.  To exercise the right to be excluded, a Person in the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing (1) his/her name and address; (2) a statement that the Person

reported to Defendant Joyous PBC that they located Defendant Joyous PBC organically, not through a web advertisement and booked an appointment to use the services provided by Defendant Joyous PBC, completed a screening questionnaire related to the booking process and subsequently received one or more web-directed advertisements relating to ketamine treatments. at some point between October 5, 2023, and January 2, 2025; (3) a signature; (4) the name and number of this case; (5) and a statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement.  A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as a Settlement Class Member by this Agreement, if approved.  Any member of the Settlement Class who validly elects to be excluded from this Agreement shall not:  (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement.  The request for exclusion must be personally signed by each Person requesting exclusion.  So-called "mass" or "class" opt-outs shall not be allowed.  To be valid, a request for exclusion must be postmarked or received by the date specified in the Notice.

**4.6**    The Final Approval Hearing shall be no earlier than ninety (90) days after the Notice described in Paragraph 4.1 is provided.

**4.7**    Any Settlement Class Member who does not, in accordance with the terms and conditions of this Agreement, seek exclusion from the Settlement Class or timely file a valid Claim Form when such Claim Form is required shall not be entitled to receive any payment or benefits pursuant to this Agreement, but will otherwise be bound by all of the terms of this

Agreement, including the terms of the Final Judgment to be entered in the Action and the Releases provided for in the Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

**5.    SETTLEMENT ADMINISTRATION.**

**5.1**    The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by processing Claim Forms submitted by Unidentified Class Members, processing requests for exclusion from the Settlement, and disbursing funds from the Settlement Fund in a rational, responsive, cost effective, and timely manner.  The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement.  The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request.  The Settlement Administrator shall also provide reports and other information to the Court as the Court may require.  The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with regular reports at weekly intervals containing information concerning Notice, administration, and implementation of the Settlement Agreement.  Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members on account of Approved Claims.  Without limiting the foregoing, the Settlement Administrator shall:

**(a)**    Forward to Defendant's Counsel, with copies to Class Counsel, all original documents and other materials received in connection with the administration of the Settlement, and all copies thereof, within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed in accordance with the terms of this Agreement;

**(b)**  Provide Class Counsel and Defendant's Counsel with drafts of all administration related documents, including but not limited to CAFA Notices, follow-up class notices or communications with Settlement Class Members, telephone scripts, website postings or language or other communications with the Settlement Class, at least five (5) business days before the Settlement Administrator is required to or intends to publish or use such communications, unless Class Counsel and Defendant's Counsel agree to waive this requirement in writing on case by case basis;

**(c)**  Receive Claim Forms from Unidentified Class Members and promptly provide to Class Counsel and Defendant's counsel copies thereof. If the Settlement Administrator receives any Claim Forms after the Claim Deadline, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

**(d)**  Receive requests to be excluded from the Settlement Class and other requests relating to this Agreement  and promptly provide to Class Counsel and Defendant's Counsel copies thereof, along with a weekly report of the number of such requests received.  If the Settlement Administrator receives any exclusion forms or other requests after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel and await guidance from Counsel as to treatment thereof;

**(e)**  Provide weekly reports to Class Counsel and Defendant's Counsel, including without limitation, reports regarding the number of Claim Forms received, the number approved by the Settlement Administrator, and the categorization and description of Claim Forms rejected, in whole or in part, by the Settlement Administrator; and

(f)      Make available for inspection by Class Counsel or Defendant's Counsel the Claim Forms received by the Settlement Administrator at any time upon reasonable notice.

5.2      The Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud.  The Settlement Administrator shall determine whether a Claim Form submitted by a Settlement Class Member is an Approved Claim by determining if the Person is on the Class List and shall reject Claim Forms that fail to (a) comply with the instructions on the Claim Form or the terms of this Agreement, or (b) provide full and complete information as requested on the Claim Form.  In the event a Person submits a timely Claim Form by the Claims Deadline where the Person appears on the Class List but the Claim Form is not otherwise complete, then the Settlement Administrator shall give such Person one (1) reasonable opportunity to provide any requested missing information, which information must be received by the Settlement Administrator no later than thirty (30) calendar days after the Claims Deadline.  The Settlement Administrator may contact any Person who has submitted a Claim Form to obtain additional information necessary to verify the Claim Form.  In the event the Settlement Administrator receives such information more than thirty (30) days after the Claims Deadline, then any such claim shall be denied.

5.3      Defendant's Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by an Unidentified Settlement Class Member, as well as any request for exclusion.  The Settlement Administrator shall follow any agreed decisions of Class Counsel and Defendant's Counsel as to the validity of any disputed submitted Claim Form or request for exclusion.  To the extent Class Counsel and Defendant's Counsel are

not able to agree on the disposition of a challenge, the disputed claim shall be submitted to the Court for a binding determination.

**5.4**    In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

**5.5**    Defendant, the Released Parties, and Defendant's Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Class Counsel, or the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the allocation of Settlement Funds to Settlement Class Members or the implementation, administration, or interpretation thereof; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any taxes, tax expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

**5.6**    All taxes and tax expenses shall be paid out of the Settlement Fund, and shall be timely paid by the Settlement Administrator pursuant to this Agreement and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with this Agreement and in all events shall reflect that all taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Released Parties shall have no responsibility or liability for the acts or

omissions of the Settlement Administrator or its agents with respect to the payment of taxes or tax expenses.

## 6.    TERMINATION OF SETTLEMENT.

6.1    Subject to Paragraphs 9.1-9.3 below, Defendant or the Class Representative on behalf of the Settlement Class, shall have the right to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within twenty-one (21) days of any of the following events:  (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by an Appellate Court or the Supreme Court; or (v) the date upon which an Alternate Judgment, as defined in Paragraph 9.1(d) of this Agreement is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

## 7.    PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.

7.1    Promptly after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement; certification of the Settlement Class for settlement purposes only; appointment of Class Counsel and the Class Representative; and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notice and Claim Form for dissemination substantially in the form of Exhibits A, B, C, and D hereto.  The Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing

documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Settlement Agreement and do not limit or impair the rights of the Settlement Class or materially expand the obligations of Defendant.

7.2     At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

7.3     After Notice is given, the Parties shall request and seek to obtain from the Court a Final Judgment, which will among other things:

(a)     find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto;

(b)     approve the Settlement Agreement and the proposed settlement as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and Releasing Parties;

(c)     find that the Notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable

requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

      **(d)**     find that the Class Representative and Class Counsel adequately represent the Settlement Class for purposes of entering into and implementing the Agreement;

      **(e)**     dismiss the Action (including all individual claims and Settlement Class Claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

      **(f)**     incorporate the Release set forth above, make the Release effective as of the date of the Effective Date, and forever discharge the Released Parties as set forth herein;

      **(g)**     permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims;

      **(h)**     without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

      **(i)**     incorporate any other provisions, as the Court deems necessary and just or appropriate to effectuate the terms and conditions of the Settlement Agreement.

**8.     CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; SERVICE AWARD.**

     **8.1**     Defendant agrees that Class Counsel may apply to the Court for payment from the Settlement Fund of attorneys' fees, costs, and expenses not to exceed 25% of the Settlement Fund (or $100,000.00 USD). Plaintiff will petition the Court for an award of such attorneys'

fees, costs, and expenses, and Defendant agrees not to object to or otherwise challenge, directly or indirectly, Class Counsel's petition for attorneys' fees, costs, and expenses if limited to this amount. Class Counsel, in turn, agrees to seek no more than this amount from the Court in attorneys' fees, costs, and expenses. Payment of the Fee Award shall be made from the Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund.

 **8.2** The Fee Award shall be payable by the Settlement Administrator within ten (10) days after entry of the Court's Final Judgment, subject to Class Counsel executing the Undertaking Regarding Attorneys' Fees and Costs (the "Undertaking") attached hereto as Exhibits E, and providing all payment routing information and tax I.D. numbers for Class Counsel. Payment of the Fee Award shall be made by the Settlement Administrator from the Settlement Fund by wire transfer to Class Counsel, in accordance with the instructions to be jointly provided by Class Counsel, after completion of necessary forms by Class Counsel, including but not limited to W-9 forms. Notwithstanding the foregoing, if for any reason the Final Approval Order is reversed or rendered void as a result of an appeal(s) then any persons or firms who shall have received such funds shall be severally liable for payments made pursuant to this subparagraph, and shall return such funds to the Defendant or its insurer, based upon written instructions provided by Defendant's Counsel. To effectuate this provision, Bursor & Fisher, P.A. and Drury Legal, LLC shall each execute a guarantee of repayment in the forms attached hereto as Exhibits E-1 and E-2.

 **8.3** Defendant agrees that, subject to Court approval, the Settlement Administrator may pay a service award to the Class Representative from the Settlement Fund, in addition to

any settlement payment as a result of a Cash Award pursuant to this Agreement, and in recognition of her efforts on behalf of the Settlement Class, in the amount of five thousand dollars ($5,000.00 USD).  Defendant shall not object to or otherwise challenge, directly or indirectly, Class Counsel's application for the service award to the Class Representative if limited to this amount.  Class Counsel, in turn, agrees to seek no more than this amount from the Court as the service award for the Class Representative.  Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund.  Such award shall be paid from the Settlement Fund (in the form of a check to the Class Representative that is sent to the care of Class Counsel), within five (5) business days after the Effective Date.

**9.    CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

**9.1**     The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

**(a)**     The Parties and their counsel have executed this Agreement;

**(b)**     The Court has entered the Preliminary Approval Order;

**(c)**     The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment consistent with this Agreement in all material respects; and

**(d)**     The Final Judgment has become Final, as defined above, or, in the event that the Court enters an Alternate Judgment, such Alternate Judgment becomes Final.

Class Action Settlement Agreement

**9.2**     If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 6.1 unless Class Counsel and Defendant's Counsel mutually agree in writing to new terms.  If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Settling Parties.  Notwithstanding anything herein, the Parties agree that the Court's failure to approve, in whole or in part, the attorneys' fees payment to Class Counsel and/or the service award set forth in Paragraph 8 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

**9.3**     If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1 and 9.1-9.2 above, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement, unless Class Counsel and Defendant's Counsel mutually agree in writing to new terms.  In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into. Within five (5) business days after written notification of termination as provided in this Agreement is sent to the other Parties, the Settlement Fund (including accrued interest thereon), less any Settlement Administration costs actually incurred, paid or payable and less any taxes and tax expenses paid, due or owing, shall be refunded by the Settlement Administrator to Defendant or Defendant's insurer based upon written instructions provided by Defendant's Counsel.  In the event that the

Final Judgment or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, Class Counsel shall, within thirty (30) days repay to Defendant or Defendant's insurer based upon written instructions provided by Defendant's Counsel, the full amount of the attorneys' fees and costs paid to Class Counsel from the Settlement Fund, including any accrued interest.  In the event the attorney fees and costs awarded by the Court or any part of them are vacated, modified, reversed, or rendered void as a result of an appeal, Class Counsel shall within thirty (30) days repay to Defendant or Defendant's insurer based upon written instructions provided by Defendant's Counsel, the attorneys' fees and costs paid to Class Counsel and/or Representative Plaintiff from the Settlement Fund, in the amount vacated or modified, including any accrued interest.

## 10.    MISCELLANEOUS PROVISIONS.

**10.1**    The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement, to secure final approval, and to defend the Final Judgment through any and all appeals.  Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking Court approval of the Settlement Agreement, entry of the Preliminary Approval Order, and the Final Judgment, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

**10.2**    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff, the Settlement Class and each or any of them, on the one hand, against the Released Parties, and

each or any of the Released Parties, on the other hand.  Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiffs or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.  Nothing herein, however, shall be construed to prevent any employee of Defendant or any Released Party, or any independent contractor working in a reporting or newsgathering capacity for Defendant or any Released Party, from reporting on the Action or this Settlement.

**10.3**    The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released.  The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.4**    Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein or any term, provision or definition therein, nor any act or communication performed or document executed in the course of negotiating, implementing or seeking approval pursuant to or in furtherance of this Agreement or the settlement:

**(a)**    is, may be deemed, or shall be used, offered or received in any civil, criminal or administrative proceeding in any court, administrative agency, arbitral proceeding or other tribunal against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the definition or scope of any term or provision, the

reasonableness of the settlement amount or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

**(b)** is, may be deemed, or shall be used, offered or received against any Released Party, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

**(c)** is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing or statutory meaning (including but not limited to the definitions of Joyous Subscriber Information and Settlement Class) as against any Released Parties, or supporting the certification of a litigation class, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement. Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

**(d)** is, may be deemed, or shall be construed against Plaintiff, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder

represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

(e)    is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiff, the Settlement Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

10.5    The Parties acknowledge that (a) any certification of the Settlement Class as set forth in this Agreement, including certification of the Settlement Class for settlement purposes in the context of Preliminary Approval, shall not be deemed a concession that certification of a litigation class is appropriate, or that the Settlement Class definition would be appropriate for a litigation class, nor would Defendant be precluded from challenging class certification in further proceedings in the Action or in any other action if the Settlement Agreement is not finalized or finally approved; (b) if the Settlement Agreement is not finally approved by the Court for any reason whatsoever, then any certification of the Settlement Class will be void, the Parties and the Action shall be restored to the status quo ante, and no doctrine of waiver, estoppel or preclusion will be asserted in any litigated certification proceedings in the Action or in any other action; and (c) no agreements made by or entered into by Defendant in connection with the Settlement may be used by Plaintiff, any person in the Settlement Class, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action or any other judicial proceeding.

10.6    No person or entity shall have any claim against the Class Representative, Class Counsel, the Settlement Administrator or any other agent designated by Class Counsel, or the

Released Parties and/or their counsel, arising from distributions made substantially in accordance with this Agreement.  The Parties and their respective counsel, and all other Released Parties shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the determination, administration, calculation, or payment of any claim or nonperformance of the Settlement Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

      **10.7**    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

      **10.8**    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

      **10.9**    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

      **10.10**    All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

      **10.11**    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein.  No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  This Agreement may be amended or modified

only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**10.12**   Except as otherwise provided herein, each Party shall bear its own costs.

**10.13**   Plaintiff represents and warrant that she has not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that she is fully entitled to release the same.

**10.14**   Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

**10.15**   This Agreement may be executed in one or more counterparts.  Signature by digital means, facsimile, or in PDF format will constitute sufficient execution of this Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.16**   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**10.17**   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**10.18**   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of California.

**10.19**   This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties.  Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.20**   Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel:  Philip L. Fraietta, Bursor & Fisher, P.A., 1330 Avenue of the Americas, 32nd Floor New York, NY 10019; James A. Quadra, QUADRA & COLL, LLP, Four Embarcadero Center, Suite 1400, San Francisco, California 94111.

**IT IS SO AGREED TO BY THE PARTIES**:

Dated:  04/26/2025 _____                JANE DOE

                                        By: *Jane Doe* _____
                                        Jane Doe (Apr 26, 2025 09:59 PDT)

                                        Jane Doe, individually and as representative of the Class

Dated:  _____                JOYOUS, PBC

                                        By: _____

                                        Name
                                        Its:
                                        Joyous, PBC

**IT IS SO STIPULATED BY COUNSEL:**

**10.18**   This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of California.

**10.19**   This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties.  Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.20**   Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel:  Philip L. Fraietta, Bursor & Fisher, P.A., 1330 Avenue of the Americas, 32nd Floor New York, NY 10019; James A. Quadra, QUADRA & COLL, LLP, Four Embarcadero Center, Suite 1400, San Francisco, California 94111.

**IT IS SO AGREED TO BY THE PARTIES**:


Dated: _____          **JANE DOE**



By:_____

Jane Doe, individually and as representative of the Class


Dated: **4.25.25**          **JOYOUS, PBC**



By:_____

Name   Yosef Fishler
Its:   CEO
Joyous, PBC


**IT IS SO STIPULATED BY COUNSEL:**

Dated: Apr 28, 2025

BURSOR & FISHER, PA

By: _____

Philip L. Fraietta
pfraietta@bursor.com
BURSOR & FISHER, PA
1330 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel:  (646) 837-7150
Fax:  (212) 989-9163

Emily A. Horne
ehorne@bursor.com
BURSOR & FISHER, PA
1990 N. California Blvd., 9th Floor
Walnut Creek, CA 94596
Tel:  (925) 300-4455

Dated: Apr 28, 2025

DRURY LEGAL, LLC

By: _____
Scott R. Drury (Apr 28, 2025 11:52 CDT)

Scott R. Drury
scott@drurylegal.com
DRURY LEGAL, LLC
6 Carriage Lane
Highwood, Illinois 60040
Tel:  (312) 358-8225

*Attorneys for Class Representative and the Settlement Class*

Dated: 4/25/2025

QUADRA COLL, LLP

By: _____

James A. Quadra
jquadra@quadracoll.com
QUADRA & COLL, LLP
Four Embarcadero Center, Suite 1400
San Francisco, California 94111
Tel:  (415) 426-3502

*Attorneys for Defendant Joyous PBC*

38
Class Action Settlement Agreement

**EXHIBIT A**

From:   JoyousSettlement@joyoussettlement.com
To:     JonQClassMember@domain.com
Re:     Legal Notice of Class Action Settlement

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*Doe v. Joyous, PBC*, Case No. 3:24-cv-02357-JD
(United States District Court for the Northern District of California)

This notice is to inform you of the settlement of a class action lawsuit with ketamine therapy provider Joyous, PBC ("Joyous"), the Defendant in this case. Plaintiff Jane Doe alleges that Defendant disclosed its customers' confidential information to third parties which is alleged to violate California privacy law. While Joyous believes that its practices were in compliance with California law, Joyous chose to settle this case, without admitting liability, to focus time, effort and resources on continuing to provide valued treatment services to its patients, and not on additional legal fees and the uncertainty of litigation.

**Am I a Class Member?**  Yes. Our records indicate you are a Class Member. Class Members are persons in the United States who, between October 5, 2023 and January 2, 2025 reported to Defendant Joyous PBC that they located Defendant Joyous PBC organically, not through a web advertisement and booked an appointment to use the services provided by Defendant Joyous PBC and completed a screening questionnaire related to the booking process and subsequently received one or more web-directed advertisements relating to ketamine treatments.

**What Can I Get?** A Settlement Fund of $400,000.00 has been established to pay all claims to the Settlement Class, together with notice and administration expenses, approved attorneys' fees and costs to Class Counsel, and a service award to the Plaintiff. Unless you received a postcard Notice concerning the Settlement sent to you by postal mail, you **must** submit a Claim Form (see instructions below) in order to receive a share of the Settlement Fund.  **If you submit a Claim Form**, you will receive a *pro rata* share of the Settlement Fund, which Class Counsel estimates will be approximately $37 per class member. The exact amount of the share of the Settlement Fund that you will receive depends on the number of requests for exclusion that are received.

**How Do I Get a Payment?** Unless you received a postcard Notice concerning the Settlement sent to you by postal mail, you **must** complete and submit a Claim Form to receive a *pro rata* share of the Settlement Fund, which Class Counsel estimates will be approximately $37.  You may submit a Claim Form either electronically on the Settlement Website by clicking here [insert hyperlink], or by printing and mailing in a paper Claim Form, copies of which are available for download here [insert hyperlink].  Claim Forms must be submitted online by 11:59 p.m. PST on [date] or postmarked and mailed by [date].

**What are My Other Options?** You may exclude yourself from the Class by sending a letter to the settlement administrator postmarked no later than [objection/exclusion deadline]. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Your written objection must be filed no later than [objection/exclusion deadline]. Specific instructions about how to object to, or

exclude yourself from, the Settlement are available at [www.JoyousSettlement.com].  If you do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to the alleged disclosure of subscriber information in this case against the Defendant will be released.

**Who Represents Me?** The Court has appointed Philip L. Fraietta and Emily A. Horne of Bursor & Fisher, P.A. and Scott R. Drury of Drury Legal, LLC to represent the class.  These attorneys are called Class Counsel.  You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at [time] on [date] at the San Francisco Courthouse, Courtroom 11, 19th Floor 450 Golden Gate Avenue, San Francisco, CA 94102.  At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representative $5,000 from the Settlement Fund for her services in helping to bring and settle this case. Defendant has agreed that Class Counsel may apply to the Court for payment of reasonable attorneys' fees from the Settlement Fund in an amount to be determined by the Court.  Class Counsel is entitled to seek no more than 25% of the Settlement Fund, but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including a more detailed Notice, a copy of the Settlement Agreement and other documents, go to www.JoyousSettlement.com, contact the settlement administrator by calling (800) 000-000 or by writing to The Economist Settlement Administrator, [address], or contact Class Counsel by calling (646) 837-7408.

**EXHIBIT B**

COURT AUTHORIZED NOTICE OF CLASS
ACTION AND PROPOSED SETTLEMENT

Joyous Settlement
Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

OUR RECORDS
INDICATE YOU MAY
HAVE RECEIVED
TREATMENT FROM
JOYOUS PBC AND MAY
BE ENTITLED TO A
PAYMENT FROM A
CLASS ACTION
SETTLEMENT.

|||||||||||||||||||||||||

Postal Service: Please do not mark barcode

XXX—«ClaimID»    «MailRec»

«First1» «Last1»
«C/O»
«Addr1»  «Addr2»
«City», «St»  «Zip» «Country»

By Order of the Court Dated: [date]

### JOYOUS SETTLEMENT

A settlement has been reached in a class action lawsuit claiming that Defendant, Joyous PBC. ("The Economist"), disclosed its customers' confidential information to third parties, which is alleged to violate California privacy law. While Joyous believes that its practices are in compliance with California law, Joyous chose to settle this case, without admitting liability, to focus time, effort and resources on continuing to provide valued treatment services to its patients, and not on additional legal fees and the uncertainty of litigation.

**Am I a Class Member?** Our records indicate you are a Class Member. Class Members are persons in the United States who, between October 5, 2023 and January 2, 2025 reported to Defendant Joyous PBC that they located Defendant Joyous PBC organically, not through a web advertisement and booked an appointment to use the services provided by Defendant Joyous PBC and completed a screening questionnaire related to the booking process and subsequently received one or more web-directed advertisements relating to ketamine treatments.

**What Can I Get?** If approved by the Court, a Settlement Fund of $400,000 has been established to pay all claims to the Settlement Class, together with notice and administration expenses, approved attorneys' fees and costs to Class Counsel, and a service award to Plaintiff.  Once the Settlement becomes Final, you will receive a *pro rata* share of the Settlement Fund, which Class Counsel estimates will be approximately $37 per class member, although the final amount you receive will also depend on the number of requests for exclusion submitted.

**How Do I Get a Payment?** If you are a Class Member, you will automatically receive a *pro rata* share of the Settlement Fund, so long as you do not request to be excluded from the Settlement Class.  Your payment will come by check, sent to the following address: [insert Settlement Class Member's address to which check will be sent].  If you no longer reside at this address or are planning to change addresses prior to [insert date 28 days after final approval hearing date], please complete and submit a change of address form accessible on the Settlement Website so that your check is sent to the correct address.  If you wish to receive your payment via PayPal or Venmo, you may do so by submitting an Election Form on the Settlement Website.

**What are My Other Options?** You may exclude yourself from the Class by submitting an online form on the Settlement Website no later than 11:59 p.m. on [objection/exclusion deadline] or by sending a letter to the settlement administrator postmarked no later than [objection/exclusion deadline]. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Any written objection must be filed no later than [objection/exclusion deadline].  Specific instructions about how to object to, or exclude yourself from, the Settlement are available at www.JoyousSettlement.com.  If you do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to the alleged disclosure or subscriber information in this case against the Defendant and others will be released.

**Who Represents Me?** The Court has appointed Philip L. Fraietta and Emily A. Horne of Bursor & Fisher, P.A. and Scott R. Drury of Drury Legal, LLC to represent the class.  These attorneys are called Class Counsel.  You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at [time] on [date] at the San Francisco Courthouse, Courtroom 11, 19th Floor 450 Golden Gate Avenue, San Francisco, CA 94102. At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representative $5,000 from the Settlement Fund for her services in helping to bring and settle this case. Defendant has agreed that Class Counsel may apply to the Court for payment of reasonable attorneys' fees from the Settlement Fund in an amount to be determined by the Court.  Class Counsel is entitled to seek no more than 25% of the Settlement Fund, but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement go to www.EconomistNewspaperSettlement.com, contact the settlement administrator by calling (800) 000-0000 or writing to The Economist Settlement Administrator, [address], or contact Class Counsel by calling (646) 837-7408.

The Economist Settlement Administrator
c/o [Settlement Administrator]
PO Box 0000
City, ST 00000-0000

XXX

**EXHIBIT C**

### UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
*Doe v. Joyous, PBC, Case No. 3:24-cv-02357-JD*

***A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.***

- A Settlement has been reached in a class action lawsuit against ketamine therapy provider Joyous, PBC ("Joyous"). The class action lawsuit involves whether Joyous disclosed its customers' confidential information to third parties, which is alleged to violate California privacy law.

- While Joyous believes that its practices were in compliance with California law, Joyous chose to settle this case, without admitting liability, to focus time, effort and resources on continuing to provide valued treatment services to its patients, and not on additional legal fees and the uncertainty of litigation.

- You are included if you between October 5, 2023 and January 2, 2025 reported to Defendant Joyous PBC that they located Defendant Joyous PBC organically, not through a web advertisement and booked an appointment to use the services provided by Defendant Joyous PBC and completed a screening questionnaire related to the booking process and subsequently received one or more web-directed advertisements relating to ketamine treatments.

- Those included in the Settlement will be eligible to receive a *pro rata* (meaning equal) portion of the Settlement Fund, which Class Counsel anticipates to be approximately $37.

- Read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | You will receive a *pro rata* share of the Settlement benefits – estimated to be approximately $37 – and will give up your rights to sue the Defendant about the claims in this case. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING** | Ask to speak in Court about your opinion of the Settlement. |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

## BASIC INFORMATION

### 1.  Why was this Notice issued?

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Honorable James Donato, of the U.S. District Court for the Northern District of California, is overseeing this case. The case is called *Doe v. Joyous, PBC*, Case No. 3:24-cv-02357-JD.  The person who sued is called the Plaintiff.  The Defendant is Joyous, PBC.

### 2. What is a class action?

In a class action, one or more people called class representatives (in this case, Jane Doe for privacy reasons) sue on behalf of a group or a "class" of people who have similar claims.  In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the Class.

### 3. What is this lawsuit about?

This lawsuit claims that Defendant violated California law by disclosing information related to its customers' ketamine therapy treatment to third parties between October 5, 2023 and January 2, 2025. The Defendant denies it violated any law.  The Court has not determined who is right.  Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

### 4. Why is there a Settlement?

The Court has not decided whether the Plaintiff or the Defendant should win this case. Instead, both sides agreed to a Settlement.  That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Class Members will get compensation sooner rather than, if at all, after the completion of a trial.

## WHO'S INCLUDED IN THE SETTLEMENT?

### 5. How do I know if I am in the Settlement Class?

The Court decided that everyone who fits the following description is a member of the **Settlement Class**:

All persons in the United States who, between October 5, 2024 and January 2, 2025 reported to Defendant Joyous PBC that they located Defendant Joyous PBC organically, not through a web advertisement and booked an appointment to use the services provided by Defendant Joyous PBC and completed a screening questionnaire related to the booking process and subsequently received one or more web-directed advertisements relating to ketamine treatments.

## THE SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

*Monetary Relief*:  A Settlement Fund has been created totaling $400,000.00. Class Member payments, and the cost to administer the Settlement, the cost to inform people about the Settlement, attorneys' fees (inclusive of litigation costs), and an award to the Class Representative will also come out of this fund (*see* Question 12).

A detailed description of the settlement benefits can be found in the Settlement Agreement, a copy of which is accessible on the Settlement Website by clicking here. [insert hyperlink]

### 7. How much will my payment be?

The amount of this payment will depend on how many requests for exclusion are submitted.  Each Class Member will receive a proportionate share of the Settlement Fund, which Class Counsel anticipates will be approximately $37.  You can contact Class Counsel at (646) 837-7408 to inquire as to the number of requests for exclusion that have been received to date.

### 8. When will I get my payment?

The hearing to consider the fairness of the settlement is scheduled for [Final Approval Hearing Date]. If the Court approves the settlement, eligible Class Members will receive their payment 28 days after the Settlement has been finally approved and/or after any appeals process is complete.  The payment will be made in the form of a check, and all checks will expire and become void 180 days after they are issued. Alternatively, you may request that the payment is issued through PayPal or Venmo (see Question 9 below for further details).

## HOW TO GET BENEFITS

### 9. How do I get a payment?

If you are a Class Member who received a Notice via postcard and you want to get a payment, do nothing and you will automatically receive a *pro rata* share of the Settlement Fund, which Class Counsel anticipates will be approximately $37.  Your

check for a *pro rata* share of the Settlement Fund will be sent to the postal address identified in the Notice you received.  If you have changed addresses or are planning to change addresses prior to [insert date 28 days after final approval hearing date], please click here [insert hyperlink] to complete and submit a change of address form on the Settlement Website. If you wish to receive your payment via PayPal or Venmo, you may do so by submitting an Election Form on the Settlement Website.

If you are a Settlement Class Member who did not receive a Notice via postcard and you want to get a payment, you **must** complete and submit a Claim Form.  You may submit a Claim Form either electronically on the Settlement Website by clicking here [insert hyperlink], or by printing and mailing in a paper Claim Form, copies of which are available for download here [insert hyperlink].  Claim Forms must be submitted online by 11:59 p.m. PST on [date] or postmarked and mailed by [date].

## REMAINING IN THE SETTLEMENT

### 10. What am I giving up if I stay in the Class?

If the Settlement becomes final, you will give up your right to sue the Defendant and other Released Parties for the claims being resolved by this Settlement.  The specific claims you are giving up against the Defendant are described in the Settlement Agreement.  You will be "releasing" the Defendant and certain of its affiliates, employees and representatives as described in Section 1.27 of the Settlement Agreement.  Unless you exclude yourself (*see* Question 13), you are "releasing" the claims.  The Settlement Agreement is available through the "court documents" link on the website.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully.  If you have any questions you can talk to the lawyers listed in Question 11 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

## THE LAWYERS REPRESENTING YOU

### 11. Do I have a lawyer in the case?

The Court has appointed Philip L. Fraietta of Bursor & Fisher, P.A. and Scott R. Drury of Drury Legal, LLC to represent the class.  They are called "Class Counsel."  They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class. You will not be charged for these lawyers.  If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**12. How will the lawyers be paid?**

The Defendant has agreed that Class Counsel attorneys' fees and costs may be paid out of the Settlement Fund in an amount to be determined by the Court. The fee petition will seek no more than 25% of the Settlement Fund, inclusive of reimbursement of their costs and expenses; the Court may award less than this amount. Under the Settlement Agreement, any amount awarded to Class Counsel will be paid out of the Settlement Fund.

Subject to approval by the Court, Defendant has agreed that the Class Representative may be paid a service award of $5,000 from the Settlement Fund for her services in helping to bring and resolve this case.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**13. How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must submit a request for exclusion by 11:59 p.m. EST on [objection/exclusion deadline].  Requests for exclusion may be submitted either on the Settlement Website (via the online form accessible here [insert hyperlink]) or by mailing or otherwise delivering a letter (or request for exclusion) stating that you want to be excluded from the *Doe v. Joyous, PBC, Case No. 3:24-cv-02357-JD* settlement.  Your letter or request for exclusion must also include your name, your address, a statement that you between October 5, 2023 and January 2, 2025 reported to Defendant Joyous PBC that they located Defendant Joyous PBC organically, not through a web advertisement and booked an appointment to use the services provided by Defendant Joyous PBC and completed a screening questionnaire related to the booking process and subsequently received one or more web-directed advertisements relating to ketamine treatments, your signature, the name and number of this case, and a statement that you wish to be excluded.  If you choose to submit a request for exclusion by mail, you must mail or deliver your exclusion request, postmarked no later than [objection/exclusion deadline], to the following address:

Joyous Settlement
0000 Street
City, ST 00000

**14. If I don't exclude myself, can I sue the Defendant for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims being resolved by this Settlement.

**15. If I exclude myself, can I get anything from this Settlement?**

No. If you exclude yourself, you will not receive a *pro rata* share of the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

**16. How do I object to the Settlement?**

If you are a Class Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file with the Court a letter or brief stating that you object to the Settlement in *Doe v. Joyous, PBC,* Case No. 3:24-cv-02357-JD and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name, your address, the basis upon which you claim to be a Class Member (including the title of the publication(s) which you purchased or to which you subscribed), the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection, and your signature. If you, or an attorney assisting you with your objection, have ever objected to any class action settlement where you or the objecting attorney has asked for or received payment in exchange for dismissal of the objection (or any related appeal) without modification to the settlement, you must include a statement in your objection identifying each such case by full case caption. You must also mail or deliver a copy of your letter or brief to Class Counsel and Defendant's Counsel listed below.

Class Counsel will file with the Court and post on this website its request for attorneys' fees by [two weeks prior to objection deadline].

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in answer to Question Number 20), you must say so in your letter or brief. File the objection with the Court (or mail the objection to the Court) and mail a copy of the objection to Class Counsel and Defendant's Counsel, at the addresses below, postmarked no later than **[objection deadline].**

| Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| The Honorable James Donato<br>United States District Court for the Northern District of California<br>San Francisco Courthouse,<br>Courtroom 11, 19th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 | Philip L. Fraietta<br>Bursor & Fisher P.A.<br>1330 Avenue of the Americas, 32nd Floor<br>New York, NY 10019 | James A. Quadra<br>Quadra & Coll, LLP<br>Four Embarcadero Center, Suite 1400<br>San Francisco, CA 94111 |

**17. What's the difference between objecting and excluding myself from the Settlement?**

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

**18. When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Final Approval Hearing at [time] on [date] in Courtroom 11 at the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for a service award to the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check for updates by visiting the Settlement Website at www.JoyousSettlement.com or calling (800) 000-0000. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of the Final Approval Hearing.

**19. Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

**20. May I speak at the hearing?**

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include in your letter or brief objecting to the settlement a statement saying that it is your "Notice of Intent to Appear in *Doe v. Joyous, PBC*, Case No. 3:24-cv-02357-JD." It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your objection and notice of intent to appear must be filed with the Court and postmarked no later than [objection deadline], and be sent to the addresses listed in Question 16.

QUESTIONS? CALL (800) 000-0000 TOLL FREE, OR VISIT WWW.JOYOUSSETTLEMENT.COM

## GETTING MORE INFORMATION

| 21. Where do I get more information? |
|---|

This Notice summarizes the Settlement.  More details are in the Settlement Agreement.  You can get a copy of the Settlement Agreement at www.JoyousSettlement.com.  You may also write with questions to Joyous Settlement, P.O. Box 0000, City, ST 00000.  You can call the Settlement Administrator at (800) 000-0000 or Class Counsel at (646) 837-7150, if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website.

**EXHIBIT D**

*Doe v. Joyous, PBC,* Case No. 3:24-cv-02357-JD (N.D. Cal.)

## CLAIM FORM FOR UNIDENTIFIED CLASS MEMBERS

This Claim Form may be submitted online at www.JoyousSettlement.com or completed and mailed to the address below. Submit your completed Claim Form online or mail it so it is postmarked no later than **[DATE]**. If you received a Notice by mail, you do NOT need to submit a Claim Form, and your Cash Award will be sent to you by check at the address identified on the Notice once the Settlement is finally approved. If your address has changed, please submit a change of address form online at www.JoyousSettlement.com to ensure your check is mailed to your current address.

### I.    CLAIMANT INFORMATION (all fields required)

The Settlement Administrator will use this information for communications and payments. If this information changes before settlement payments are issued, contact the Settlement Administrator at the address below.

First Name                                                                                    M.I.       Last Name

Current Mailing Address, Line 1: Street Address/P.O. Box

Current Mailing Address, Line 2:

City:                                                                    State:        Zip Code:

Preferred Telephone Number

Preferred Email address

### II.    CLAIM INFORMATION

Mailing address at which you received your subscription to The Economist publication between February 4, 2015 and July 30, 2016:
Mailing Address, Line 1: Street Address/P.O. Box

Mailing Address, Line 2:

City:                                                                    State:        Zip Code:

### III.    PREFERRED PAYMENT METHOD

___ Check

___ PayPal (Associated Email Address: _____ )

___ Venmo (Associated Email Address: _____ )

### IV.    SIGNATURE: Sign and date the Claim Form below.

Signed: _____        Date: _____

Submit this Claim Form online or mail it to the address below postmarked no later than [**DATE**].

*Joyous Class Action Settlement Administrator*
c/o JND Legal Administration
[address]