**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com
        jwilner@bursor.com

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (State Bar No. 354768)
50 Main Street, Suite 475
White Plains, NY 10606
Telephone: 914-874-0710
Facsimile :914-206-3656
E-mail: pfraietta@bursor.com

**DRURY LEGAL, LLC**
Scott R. Drury (State Bar No. 355002)
6 Carriage Lane
Highwood, Illinois 60040
Telephone: (312) 358-8225
scott@drurylegal.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br>    v.<br><br>JOYOUS, PBC,<br><br>        Defendant. | Case No. 3:24-cv-02357-JD<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES, COSTS AND EXPENSES AND SERVICE AWARD; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: December 18, 2025<br>Time: 10:00 a.m.<br>Judge: Hon. James Donato |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 18, 2025, at 10:00 a.m. in Courtroom 11 on the 19th Floor of the San Francisco United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, the Honorable James Donato presiding, Plaintiff Jane Doe, ("Plaintiff"), by and through her undersigned counsel of record, will and hereby does move, pursuant to Fed. R. Civ. P. 23(h), for entry of the [Proposed] Order Granting the Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees, Costs, and Service Award.

This motion is based upon this Notice of Motion; the accompanying Memorandum of Points and Authorities; the Declaration of Philip L. Fraietta and the exhibits attached thereto; the Declaration of Scott R. Drury and the exhibits attached thereto; and such evidence and argument as the Court may consider at any hearing on this motion.

Dated: September 29, 2025               Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Philip L. Fraietta*
       Philip L. Fraietta

Philip L. Fraietta (State Bar No. 354768)
50 Main Street, Suite 475
White Plains, NY 10606
Telephone: 914-874-0710
Facsimile :914-206-3656
E-mail: pfraietta@bursor.com

L. Timothy Fisher (State Bar No. 191626)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com
             jwilner@bursor.com

**DRURY LEGAL, LLC**
Scott R. Drury (State Bar No. 355002)
6 Carriage Lane
Highwood, Illinois 60040

Telephone: (312) 358-8225
scott@drurylegal.com

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

PAGE

INTRODUCTION ..................................................................................................................... 1

BACKGROUND AND PROCEDURAL HISTORY ............................................................... 2

SUMMARY OF THE PROPOSED SETTLEMENT ............................................................... 2

ARGUMENT ............................................................................................................................. 2

I.    CLASS COUNSEL'S FEE REQUEST IS REASONABLE UNDER THE PERCENTAGE OF THE BENEFIT METHOD ............................................................ 3

    A.    Class Counsel Achieved Excellent Results For The Class ........................................ 4

    B.    Plaintiff's Claims Carried Substantial Risk ............................................................... 4

    C.    Class Counsel Provided Quality Work In A Complex Case ..................................... 6

    D.    Market Rates As Reflected By Awards in Similar Cases Support Class Counsel's Fee Request ......................................................................................... 6

    E.    Class Counsel Handled This Case on a Contingent Fee Basis and Bore the Financial Burden .............................................................................................. 7

II.    CLASS COUNSEL'S ATTORNEYS' FEES ARE REASONABLE UNDER A LODESTAR CROSS-CHECK ..................................................................................... 8

    A.    Class Counsel Spent a Reasonable Number of Hours on This Litigation at a Reasonable Hourly Rate ........................................................................................ 8

    B.    Class Counsel Is Requesting Less Than Their Lodestar ........................................... 9

III.    CLASS COUNSEL'S EXPENSES WERE REASONABLE AND NECESSARILY INCURRED TO ACHIEVE THE BENEFIT OBTAINED ON BEHALF OF THE CLASS ..................................................................................... 10

IV.    PLAINTIFF'S REQUESTED SERVICE AWARD IS REASONABLE ........................... 10

CONCLUSION ......................................................................................................................... 11

# TABLE OF AUTHORITIES

**PAGE(S)**

CASES

*Barbosa v. Cargill Meat Solutions Corp.*,
   297 F.R.D. 431 (E.D. Cal. 2013) ............................................................................................. 8

*Ching v. Siemens Indus., Inc.*,
   2014 WL 2926210 (N.D. Cal. June 27, 2014) ......................................................................... 5

*Edwards v. National Milk Producers Federation*,
   2017 WL 3616638 (N.D. Cal. June 26, 2017) ......................................................................... 3

*Eichenberger v. ESPN, Inc.*,
   876 F.3d 979 (9th Cir. 2017) ................................................................................................... 5

*Fischel v. Equitable Life Assur. Soc'y*,
   307 F.3d 997 (9th Cir. 2002) ............................................................................................... 2, 9

*Ghanaat v. Numerade Labs, Inc.*,
   689 F. Supp. 3d 714 (N.D. Cal. 2023) ..................................................................................... 5

*Graham v. DaimlerChrysler Corp.*,
   34 Cal. 4th 553 (2004) ............................................................................................................. 7

*Greko v. Diesel U.S.A., Inc.*,
   2013 WL 1789602 (N.D. Cal. Apr. 26, 2013) ....................................................................... 10

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ............................................................................................. 2, 6

*Harris v. Marhoefer*,
   24 F.3d 16 (9th Cir. 1994) ..................................................................................................... 10

*Hartless v. Clorox Co.*,
   273 F.R.D. 630 (S.D. Cal. 2011) .......................................................................................... 3, 9

*Hightower v. JPMorgan Chase Bank, N.A.*,
   2015 WL 9664959 (C.D. Cal. Aug. 4, 2015) ........................................................................ 11

*In re Activision Sec. Litig.*,
   723 F. Supp. 1373 (N.D. Cal. 1989) ........................................................................................ 3

*In re Anthem, Inc. Data Breach Litig.*,
   2018 WL 3960068 (N.D. Cal. Aug. 17, 2018) ................................................................ 4, 6, 9

*In re California Pizza Kitchen Data Breach Litig.*,
   129 F.4th 667 (9th Cir. 2025) ............................................................................................... 6, 8

*In re High-Tech Employee Antitrust Litig.*,
 2015 WL 5158730 (N.D. Cal. Sept. 2, 2015) .................................................................. 9

*In re Netflix Privacy Litig.*,
 2013 WL 1120801 (N.D. Cal. Mar. 18, 2013) ............................................................ 4, 6

*In re Omnivision Techs., Inc.*,
 559 F. Supp. 2d 1036 (N.D. Cal. 2008) .......................................................................... 6

*In re Sumitomo Copper Litig.*,
 74 F. Supp. 2d 393 (S.D.N.Y.1999) ............................................................................... 7

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
 19 F.3d 1291 (9th Cir. 1994) .......................................................................................... 7

*Joh v. Am. Income Life Ins. Co.*,
 2021 WL 66305 (N.D. Cal. Jan. 7, 2021) ..................................................................... 11

*Johnson v. Triple Leaf Tea Inc.*,
 2015 WL 8943150 (N.D. Cal. Nov. 16, 2015) ............................................................... 5

*Kerr v. Screen Extras Guild, Inc.*,
 526 F.2d 67 (9th Cir. 1975) ............................................................................................ 9

*Lane v. Facebook, Inc.*,
 696 F.3d 811 (9th Cir. 2012) .......................................................................................... 7

*Lealao v. Beneficial California, Inc*,
 82 Cal. App. 4th 19 (2000) ............................................................................................. 3

*McKeen-Chaplin v. Provident Savings Bank, FSB*,
 2018 WL 3474472 (E.D. Cal. July 19, 2018) ................................................................. 7

*Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*,
 221 F.R.D. 523 (C.D. Cal. 2004) ................................................................................... 5

*Nitsch v. DreamWorks Animation SKG Inc.*,
 2017 WL 2423161 (N.D. Cal. June 5, 2017) ................................................................. 9

*Perez v. Rash Curtis & Associates*,
 2020 WL 1904533 (N.D. Cal. Apr. 17, 2020) ................................................................ 9

*Rodriguez v. W. Publ'g Corp.*,
 563 F.3d 948 (9th Cir. 2009) .................................................................................. 10, 11

*Solomon v. Flipps Media, Inc.*,
 136 F.4th 41 (2d Cir. 2025) ............................................................................................ 5

*State of Florida v. Dunne*,
 915 F.2d 542 (9th Cir. 1990) .......................................................................................... 3

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) .................................................................................................. 3, 10

*Steiner v. Am. Broad. Co.,*
    248 Fed. Appx. 780 (9th Cir. 2007) ............................................................................................ 10

*Van Lith v. iHeartMedia + Entertainment, Inc.*,
    2017 WL 4340337 (E.D. Cal. Sept. 29, 2017) ............................................................................. 2

*Van Vranken v. Atl. Richfield Co.*,
    901 F. Supp. 294 (N.D. Cal. 1995) ............................................................................................ 11

*Vasquez v. Coast Valley Roofing, Inc.*,
    266 F.R.D. 482 (E.D. Cal. 2010) ................................................................................................. 7

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) ......................................................................................... 4, 8, 10

*Williams v. MGM-Pathe Commc'ns Co.*,
    129 F.3d 1026 (9th Cir. 1997) ..................................................................................................... 3

*Zakskorn v. American Honda Motor Co.*,
    2015 WL 3622990 (E.D. Cal. June 9, 2015) ............................................................................... 9

**RULES**

Fed. R. Civ. P. 23(h) .......................................................................................................................... i, 2

**OTHER AUTHORITIES**

Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 14:03 (3d ed. 1992) ....... 10

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Jane Doe ("Plaintiff"), by and through her undersigned counsel, respectfully submits this memorandum in support of Plaintiff's Motion for Award of Attorneys' Fees, Costs and Expenses and Service Award.

**INTRODUCTION**

Plaintiff and Class Counsel have achieved an outstanding result in this case. The $400,000 Settlement Fund[1] they have negotiated provides a real and substantial monetary benefit to approximately 7,721 potential settlement class members. Declaration of Philip L. Fraietta (the "Fraietta Decl.") ¶¶ 9-10, 20. This Settlement brings certainty, closure, and significant and valuable relief for individuals to what would otherwise likely be a contentious and costly litigation regarding Defendant's unlawful disclosure of Joyous PBC's ("Joyous" or "Defendant") patients' personally identifiable information ("PII") and protected health information ("PHI").

Class Counsel now requests that the Court approve an award of attorneys' fees in the amount of $100,000, or 25% of the total $400,000 value of the Settlement Fund, which is inclusive of litigation costs and expenses. Calculating the fee award based on a percentage of the Settlement Fund is straightforward, fair, and strongly supported by Ninth Circuit case law. Cross-checking this percentage fee against Class Counsel's lodestar validates the reasonableness of Class Counsel's fee request. As of September 29, 2025, Class Counsel had worked 249 hours on this case for a total lodestar fee, at current billing rates, of $168,330.60. Fraietta Decl. ¶ 23; *see also id.* Ex. 2 (Bursor & Fisher detailed billing records for this case); Drury Decl. Ex. 3 (Drury Legal detailed billing records for this case). Class Counsel's blended hourly rate of $676.03 is well within the bounds of reasonable hourly rates in this District and in California courts generally. *Id.* ¶¶ 23-28. A fee award of $100,000 would represent less than the base lodestar fee (*see* Fraietta Decl. ¶ 23), which is well within the accepted range of fees approved by courts in the Ninth Circuit.

Finally, Plaintiff requests that the Court award her a service award in the amount of $5,000 to account for the significant time and effort she invested in this case on behalf of the Class.

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning as in the Settlement Agreement

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Jane Doe filed this action on April 19, 2024. ECF No. 1. On August 8, 2024, the Court referred the case to private mediation. ECF No. 23. The Parties participated in a mediation with former California Superior Court Judge Bonnie Sabraw, who is a neutral mediator affiliated with ADR Services, Inc., on October 21, 2024. The Parties did not reach a settlement on that date, but continued to negotiate and over the following months, and ultimately finalized the Settlement Agreement. The Parties finally executed the Settlement Agreement on April 28, 2025. On August 15, 2025, this Court granted preliminary approval of the settlement. ECF No. 35.

## SUMMARY OF THE PROPOSED SETTLEMENT

Pursuant to the Settlement Agreement, Defendant has established a $400,000 non-reversionary Settlement Fund from which all Settlement Class Members are entitled to a *pro rata* share. Settlement ¶ 2.1(a). Divided amongst approximately 7,721 Class Members, the Settlement provides for a recovery of approximately $35 per individual Class Member. Fraietta Decl. ¶¶ 10, 12. As set forth in Plaintiff's Motion for Preliminary Approval (ECF No. 23 at 16), this compares favorably with other privacy settlements under the California Invasion of Privacy Act and/or California's Confidentiality of Medical Information Act. CIPA. Fraietta Decl. ¶ 12.

## ARGUMENT

Fed. R. Civ. P. 23(h) provides that a district court may "award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement." Under Ninth Circuit standards, a district court may award attorney's fees under either the "percentage-of-the-benefit" method or the "lodestar" method where a common fund has been created. *Fischel v. Equitable Life Assur. Soc'y*, 307 F.3d 997, 1006 (9th Cir. 2002); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Typically, courts apply the "percentage-of-the-benefit" method in common fund cases, such as this one. *Van Lith v. iHeartMedia + Entertainment, Inc.*, 2017 WL 4340337, at *15 (E.D. Cal. Sept. 29, 2017).

The Settlement Agreement requires Defendant to pay Class Counsel's attorney's fees, costs, and expenses awarded by the Court in an amount "not to exceed 25% of the Settlement Fund (or $100,000 USD)." Settlement Agreement § 8.1. Class Counsel here has requested an award of

$1000,000 in attorneys' fees. This equals 25% of the $400,000 monetary value of the settlement. And it is less than Class Counsel's lodestar. As set forth below, under either the percentage of the benefit method (which the Court should apply) or the lodestar method, Class Counsel's fee request is reasonable and should be approved accordingly.

## I. CLASS COUNSEL'S FEE REQUEST IS REASONABLE UNDER THE PERCENTAGE OF THE BENEFIT METHOD

Under the common fund doctrine, courts award attorney's fees based on a percentage of the total settlement. *See State of Florida v. Dunne*, 915 F.2d 542, 545 (9th Cir. 1990) ("When a case results in a common fund for the benefit of a plaintiff class, a court may exercise its equitable powers to award plaintiff's attorney's fees out of the fund."); *Staton v. Boeing Co.*, 327 F.3d 938, 972 (9th Cir. 2003) ("[A] lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.").

To calculate attorney's fees based on the percentage of the benefit, Ninth Circuit precedent requires courts to award class counsel fees based on the total benefits being made available rather than the amount actually paid out. *Williams v. MGM-Pathe Commc'ns Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997) (ruling that a district court abused its discretion in basing attorney fee award on actual distribution to class instead of amount being made available). The Court must also include the value of the benefits conferred to the Class, including any attorney's fees, expenses, and notice and claims administration payments to be made. *See, e.g.*, *Staton*, 327 F.3d at 972-74; *Hartless v. Clorox Co.*, 273 F.R.D. 630, 645 (S.D. Cal. 2011), *aff'd*, 473 F. App'x. 716 (9th Cir. 2012). Stated otherwise, California courts include the requested attorneys' fees when calculating the total value of the settlement fund. *Lealao v. Beneficial California, Inc*, 82 Cal. App. 4th 19, 33 (2000). Fee awards must also consider the interest in "encourag[ing] plaintiff's attorneys to move for early settlement, provid[ing] predictability for the attorneys and the class members, and reduc[ing] the time consumed by counsel and court in dealing with voluminous fee petitions." *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1378-79 (N.D. Cal. 1989).

"The typical range of acceptable attorneys' fees in the Ninth Circuit is 20% to 33 1/3% of the total settlement value, with 25% considered the benchmark." *Edwards v. National Milk Producers*

MOTION FOR ATTORNEYS' FEES, COSTS, EXPENSES, AND SERVICE AWARD      3
CASE NO. CASE NO. 3:24-CV-02357-JD

*Federation*, 2017 WL 3616638, at *8 (N.D. Cal. June 26, 2017). The Ninth Circuit has identified a number of factors that may be relevant in determining if a fee award is reasonable: (i) the results achieved; (ii) the risk of litigation; (iii) the skill required and the quality of work; (iv) market rates as reflected by awards made in similar cases; and (v) the contingent nature of the fee and the financial burden carried by the plaintiff. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002).

Here, each of these factors definitively supports Class Counsel's fee request because Class Counsel's outstanding work secured remarkable results for the Settlement Class in the face of substantial risks to any recovery.

### A. Class Counsel Achieved Excellent Results For The Class

"[T]he overall result and benefit to the Class … has been called the most critical factor in granting a fee award." *In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3960068, at *9 (N.D. Cal. Aug. 17, 2018) (cleaned up). The considerations offered by the Settlement Agreement provide excellent results for the Class.

The Settlement provides an all-cash non-revisionary common fund recovery of $400,000 from which all Settlement Class Members are entitled to a *pro rata* share. Settlement Agreement ¶ 2.1.b. Divided amongst approximately 7,721 Class Members, the Settlement provides for a recovery of approximately $35 per individual Class Member. This is significantly higher per class member than other actions involving similar claims with statutory damages. *See Vela v. AMC Networks, Inc.*, No. 1:23-cv-02524-ALC (S.D.N.Y) (claims rate of 7.6% providing $9.00 per class member in an action alleging violations of the Video Privacy Protections Act); *In re Advocate Aurora Health Pixel Litig.*, No. 22-CV-1253 (E.D. Wis.) (claims rate of 22.6% providing $11.64 per class member in an action alleging wiretapping claims).

### B. Plaintiff's Claims Carried Substantial Risk

This factor looks to the risk and novelty of the claims at issue. Both are certainly present here. Plaintiff faces risks in maintaining class status through trial. Assuming that the Court were to grant a motion for class certification, Joyous could seek an interlocutory appeal or attempt to decertify the Class based on subsequent developments. *See In re Netflix Privacy Litig.*, 2013 WL 1120801, at *6 (N.D. Cal. Mar. 18, 2013) ("The notion that a district court could decertify a class at

any time . . . is one that weighs in favor of settlement.") (internal citations omitted). Risk, expense, and delay permeate such a process. "[C]onsummating this Settlement promptly in order to provide effective relief to Plaintiff[s] and the Class" eliminates these risks by ensuring Settlement Class Members receive a recovery that is certain and immediate. *Johnson v. Triple Leaf Tea Inc.*, 2015 WL 8943150, at *4 (N.D. Cal. Nov. 16, 2015). The Settlement eliminates these risks, expenses, and delay.

In addition, the Second Circuit recently held in an issue of first impression that a Facebook ID and URL string sent to Facebook were not "personally identifiable information." *See Solomon v. Flipps Media, Inc.*, 136 F.4th 41 (2d Cir. 2025). Those are among the identifiers Plaintiff alleges are at issue here. Compl. ¶¶ 40-51. To be sure, most district courts, including those in California, have come to the opposite conclusion. *Ghanaat v. Numerade Labs, Inc.*, 689 F. Supp. 3d 714, 720 (N.D. Cal. 2023) ("Most, if not all, courts to address the question have found at the pleading stage that Facebook IDs are PII."). And the Ninth Circuit has implied it agrees with that reasoning. *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 986 (9th Cir. 2017) ("A Facebook link … may very well readily enable an 'ordinary person' to identify an individual."). Still, it is unclear whether the pendulum may begin to swing in the other direction in the wake of *Solomon*.

All this is to say, while Plaintiff believes she will succeed at later stages of this stage, when considering the "vagaries of litigation," the "significance of immediate recovery by way of the [proposed] compromise" is much preferable "to the mere possibility of relief in the future, after protracted and expensive litigation." *Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004). This is especially true given the significant risks Plaintiff faces here. In such circumstances, courts have held it is "proper to take the bird in hand instead of a prospective flock in the bush." *Id*. (cleaned up). Indeed, "settlement is favored where, as here, significant procedural hurdles remain, including class certification and an anticipated appeal." *Ching v. Siemens Indus., Inc.*, 2014 WL 2926210, at *4 (N.D. Cal. June 27, 2014); see *id*. ("Avoiding such unnecessary and unwarranted expenditure of resources and time would benefit all parties, as well as the Court.").

Moreover, approval would allow Plaintiff and the Settlement Class Members to receive meaningful and significant payment now, instead of years from now, or never. As the Ninth Circuit

has held, "[a]n early settlement may often be beneficial for the class, as it reduces attorneys' fees, preserves value for the class, and offers immediate compensation for injured class members." *In re California Pizza Kitchen Data Breach Litig.*, 129 F.4th 667, 678 (9th Cir. 2025).

In short, Class Counsel achieved an excellent result here in comparison to similar cases, and one that obviates the significant risk of non-payment absent settlement.

### C. Class Counsel Provided Quality Work In A Complex Case

The prosecution of a complex, nationwide class action like this one "requires unique … skills and abilities." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1047 (N.D. Cal. 2008) (cleaned up). This is particularly so in data privacy cases involving technical expertise in an evolving area of the law.

Class Counsel more than delivered. Over the last year of litigation, Class Counsel: (i) conducted an extensive pre-suit investigation into Defendant's data sharing practices, including testing of Defendant's Website; (ii) drafted the initial Complaint; (iii) reviewed information produced by Defendant in aid of settlement discussions; (iv) prepared a detailed mediation statement and participated in mediation; (v) negotiated the Settlement at arm's-length with Defendant; (vi) successfully moved for preliminary approval; and (vii) managed (and are continuing to manage) the dissemination of notice and the claims process. Fraietta Decl. ¶¶ 19-20.

The work performed by Class Counsel in this case represents the highest caliber of legal work and strongly supports their requested fee award. *Id.*; *see also In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3960068, at *13 (approving attorneys' fees where class counsel "performed significant factual investigation prior to bringing these action … and participated in protracted negotiations with Anthem").

### D. Market Rates As Reflected By Awards in Similar Cases Support Class Counsel's Fee Request

Class Counsel's 25% fee request is the starting benchmark set by the Ninth Circuit. *Hanlon*, 150 F.3d at 1029. This amount compares favorably to cases in this Circuit, including other data privacy cases. *See In re Netflix Privacy Litig.*, 2013 WL 1120801, at *9-10 (approving fee award of "25% of the recovery obtained," even though class members did not receive actual compensation);

*Lane*, 696 F.3d at 818 (affirming award of approximately $2.3 million in fees based on $9.5 million settlement fund, all of which was distributed to *cy pres*). And here, the Settlement Fund is non-reversionary, meaning Class Counsel is seeking 25% in fees of what is actually being paid out by Defendant.

Based on the foregoing, there is ample authority to support a fee award of 25% of the Settlement Fund.

### E. Class Counsel Handled This Case on a Contingent Fee Basis and Bore the Financial Burden

To date, Class Counsel has worked with no payment, and no guarantee of payment absent a successful outcome. That presented considerable risk. *See Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 492 (E.D. Cal. 2010). Courts have long recognized that attorneys' contingent risk is an important factor in determining the fee award and may justify awarding a premium over an attorneys' normal hourly rates. *See In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994). The contingent nature of Class Counsel's fee recovery, coupled with the uncertainty that any recovery would be obtained, are significant. *Id.* at 1300. In *Wash. Pub. Power*, the Ninth Circuit recognized that:

> It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases … [I]f this 'bonus' methodology did not exist, very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks of recovering nothing.

*Id.* at 1299-1300 (cleaned up); *see also McKeen-Chaplin v. Provident Savings Bank, FSB*, 2018 WL 3474472, at *2 (E.D. Cal. July 19, 2018) ("Counsel has not received payment for the vast majority of its time spent on this case over the last five and a half years, and took on significant financial risk by taking on this action on a contingency fee basis."); *Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553, 580 (2004) ("A contingent fee must be higher than a fee for the same legal services paid as they are performed. The contingent fee compensates the lawyer not only for the legal services he renders but for the loan of those services.") (internal citations omitted); *In re Sumitomo Copper Litig.*, 74 F. Supp. 2d 393, 396-98 (S.D.N.Y.1999) ("No one expects a lawyer whose compensation is

contingent on the success of his services to charge, when successful, as little as he would charge a client who in advance of the litigation has agreed to pay for his services, regardless of success. Nor, particularly in complicated cases producing large recoveries, is it just to make a fee dependent solely on the reasonable amount of time expended.").

Further, if the case had advanced through class certification, Class Counsel's expenses would have increased many-fold, and Class Counsel would have been required to advance those expenses potentially for several years to litigate this action through judgment and appeals. This is compounded by the risky nature of this case. Argument § I.B., *supra*. By achieving an early resolution, Class Counsel "reduce[d] attorneys' fees, preserve[d] value for the class, and" obviated the significant risk of non-payment. *In re California Pizza Kitchen Data Breach Litig.*, 129 F.4th at 678.

Weighing each of the aforementioned factors, Class Counsel's fee request of $100,000—or 25% of the value of the Settlement—is reasonable under the "percentage-of-the-benefit" method.

## II.    CLASS COUNSEL'S ATTORNEYS' FEES ARE REASONABLE UNDER A LODESTAR CROSS-CHECK

Courts in the Ninth Circuit often examine the lodestar calculation as a cross-check on the percentage fee award to ensure that counsel will not receive a "windfall." *Vizcaino*, 290 F.3d at 1050. The cross-check analysis is a two-step process. *First*, the lodestar is determined by multiplying the number of hours reasonably expended by the reasonable rates requested by the attorneys. *See Barbosa v. Cargill Meat Solutions Corp.*, 297 F.R.D. 431, 451 (E.D. Cal. 2013). *Second*, the court cross-checks the proposed percentage fee against the lodestar. *Id.* "Three figures are salient in a lodestar calculation: (1) counsel's reasonable hours, (2) counsel's reasonable hourly rate and (3) a multiplier thought to compensate for various factors (including unusual skill or experience of counsel, or the ex ante risk of nonrecovery in the litigation)." *Id.* (cleaned up). Here, the lodestar cross-check confirms the reasonableness of Class Counsel's requested fee.

### A.    Class Counsel Spent a Reasonable Number of Hours on This Litigation at a Reasonable Hourly Rate

Class Counsel has submitted their detailed daily billing records showing what work was done and by whom. Fraietta Decl. Ex. 2; Drury Decl. Ex. 3. Those records confirm Class Counsel's efficient and reasonable billing.

Rates are "reasonable where they [are] similar to those charged in the community and approved by other courts." *Hartless v. Clorox Co.*, 273 F.R.D. 630, 644 (S.D. Cal. Jan. 20, 2011). Here, the blended hourly rate for Class Counsel's work of $676.03 is reasonable (*see* Fraietta Decl. ¶ 23-28). Indeed, California courts have previously found Class Counsel's rates to be fair and reasonable. *See Perez v. Rash Curtis & Associates*, 2020 WL 1904533, at *20 (N.D. Cal. Apr. 17, 2020) (finding Bursor & Fisher's blended hourly rate of $634.48 to be reasonable); *Zakskorn v. American Honda Motor Co.*, 2015 WL 3622990, at *13-15 (E.D. Cal. June 9, 2015) (approving a fee request where Bursor & Fisher submitted hourly rates of up to $850 per hour for partners and $450 per hour for associates).

California courts have likewise sustained rates like those of Class Counsel's. *See, e.g., In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3960068, at *17 (approving billing rates for partners between $400 and $970, and associates between $185 to $850 "with most under $500"); *Nitsch v. DreamWorks Animation SKG Inc.*, 2017 WL 2423161, at *9 (N.D. Cal. June 5, 2017) (finding rates for senior attorneys of between $870 to $1200 per hour to be reasonable); *In re High-Tech Employee Antitrust Litig.*, 2015 WL 5158730, at *9 (N.D. Cal. Sept. 2, 2015) (approving billing rates of $490 to $975 for partners, $310 to $800 for non-partner attorneys, and $190 to $430 for paralegals, law clerks, and litigation support staff). And based on Class Counsel's experience, Class Counsel's hourly rates are reasonable compared to other legal fees charged in similar matters. *See* Fraietta Decl. ¶¶ 26-28, *id.* Exs. 3-12.

In performing its cross-check analysis, the Court should find Class Counsel's hours and rates reasonable.

**B.   Class Counsel Is Requesting Less Than Their Lodestar**

In considering the reasonableness of attorneys' fees and any requested multiplier, the Ninth Circuit has directed district courts to consider the time and labor required, the novelty and complexity of the litigation, the skill and experience of counsel, the results obtained, and awards in similar cases. *Fischel*, 307 F.3d at 1007, n. 7; *see also Kerr*, 526 F.2d at 70.

A fee award of $100,000 would represent less than the value of the labor Class Counsel put into the case (*see* Fraietta Decl. ¶ 23). In a historical review of numerous class action settlements,

the Ninth Circuit found that lodestar multipliers normally range from 0.6 to 19.6, with most (83%) falling between 1 and 4. *See Vizcaino*, 290 F.3d at 1051 n.6 (finding no abuse of discretion in awarding a multiplier of 3.65); *see also Steiner v. Am. Broad. Co.*, 248 Fed. Appx. 780, 783 (9th Cir. 2007) (affirming award with multiplier of 6.85); ALBA CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS § 14:03 (3d ed. 1992) (recognizing that multipliers of 1 to 4 are frequently awarded). Class counsel is requesting significantly less than this benchmark because they are receiving a negative multiplier on their lodestar. Thus, the 25% fee award is justified.

### III. CLASS COUNSEL'S EXPENSES WERE REASONABLE AND NECESSARILY INCURRED TO ACHIEVE THE BENEFIT OBTAINED ON BEHALF OF THE CLASS

To date, Class Counsel incurred out-of-pocket costs and expenses in the aggregate amount of $9,400.60 in prosecuting this litigation on behalf of the Class. Fraietta Decl. ¶ 23; *see also id.* Ex. 2.

The Ninth Circuit allows recovery of litigation expenses in the context of a class action settlement. *See Staton*, 327 F.3d at 974. Class Counsel is entitled to reimbursement for standard out-of-pocket expenses that an attorney would ordinarily bill a fee-paying client. *See, e.g., Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994). These expenses include court fees, research fees—including the dynamic analysis that is at the foundation of the allegations in this lawsuit—service fees, and travel expenses related to the preliminary approval hearing. Fraietta Decl. ¶ 29. Each of these expenses was necessarily and reasonably incurred to bring this case to a successful conclusion, and they reflect market rates for various categories of expenses incurred. *Id.*

### IV. PLAINTIFF'S REQUESTED SERVICE AWARD IS REASONABLE

In recognition of her efforts on behalf of the Class, and subject to the approval of the Court, Plaintiff seeks a $5,000 incentive award as appropriate compensation for her time and effort serving as the Class Representatives in this litigation.

Service awards "are fairly typical in class action cases." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009); *Greko v. Diesel U.S.A., Inc.*, 2013 WL 1789602, at *13 (N.D. Cal. Apr. 26, 2013) (granting request for $5,000 incentive award). Such awards "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to

act as a private attorney general." *Rodriguez*, 563 F.3d at 958-59. Service awards are committed to the sound discretion of the trial court and should be awarded based upon the court's consideration of, *inter alia*, the amount of time and effort spent on the litigation, the duration of the litigation and the degree of personal gain obtained as a result of the litigation. See *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

The requested amount of $5,000 for Plaintiff reflects her significant involvement and dedication to the case. Plaintiff's involvement in this action was critical to the ultimate success of the case. Class Counsel consulted with Plaintiff throughout the investigation, filing, prosecution and settlement of this litigation. Fraietta Decl. ¶¶ 31-33. As such, Plaintiff was actively involved in the litigation and devoted substantial time and effort to the case. *Id*. Plaintiff was prepared to "go the distance" in this litigation to continue to represent the Class and fight to obtain significant relief on their behalf. Fraietta Decl. ¶ 32. Plaintiff's actions and dedication played a significant role in this case and helped achieve the exceptional settlement. Fraietta Decl. ¶ 33.

The requested Service Award also represents 1.3% of the Settlement Fund, which is reasonable. *See*, *e.g.*, *Hightower v. JPMorgan Chase Bank, N.A.*, 2015 WL 9664959, at *13 (C.D. Cal. Aug. 4, 2015) (granting service awards and noting the service awards, "which constitute 1.5% of the maximum settlement amount, do not significantly reduce the amount of settlement funds available to the rest of the class"); *Joh v. Am. Income Life Ins. Co.*, 2021 WL 66305, at *9 (N.D. Cal. Jan. 7, 2021) (same where service awards were "equal to 0.5% of the net Settlement fund").

Accordingly, a $5,000 service award for Plaintiff is fair and reasonable.

## CONCLUSION

For the foregoing reasons, Plaintiff and Class Counsel respectfully request that the Court grant the Motion for Attorneys' Fees, Costs, and Expenses and Service Award.

Dated: September 29, 2025                    Respectfully submitted,

                                                        **BURSOR & FISHER, P.A.**

                                                        By: */s/ Philip L. Fraietta*
                                                             Philip L. Fraietta

|   |   |
|---|---|
| 1 | L. Timothy Fisher (State Bar No. 191626) |
| 2 | Joshua R. Wilner (State Bar No. 353949) |
|   | 1990 North California Blvd., 9th Floor |
| 3 | Walnut Creek, CA 94596 |
|   | Telephone: (925) 300-4455 |
| 4 | Facsimile: (925) 407-2700 |
|   | Email: ltfisher@bursor.com |
| 5 | jwilner@bursor.com |

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (State Bar No. 354768)
50 Main Street, Suite 475
White Plains, NY 10606
Telephone: 914-874-0710
Facsimile :914-206-3656
E-mail: pfraietta@bursor.com

**DRURY LEGAL, LLC**
Scott R. Drury (State Bar No. 355002)
6 Carriage Lane
Highwood, Illinois 60040
Telephone: (312) 358-8225
scott@drurylegal.com

*Attorneys for Plaintiff*